### BUCK, HEFFLEBOWER & NEER v. MARTIN.

1. Where a widowed mother erected a dwelling house and out-buildings upon an unimproved tract of land belonging to herself and her four infant children, in which house they all lived together, she should be allowed in partition the portion of the tract on which the improvements were erected, or, in case of sale, the increased value by reason of such improvements.

2. In giving the improving tenant the increased value by reason of the improvements, such increased value must be ascertained after sale, and determined with reference to the purchase money of the entire property.

3. Infant children living with their mother on the common property have no just claim for rents and profits that were consumed by themselves.

Before HUDSON, J., Abbeville, February, 1884.

The opinion fully states the case.

*Mr. Eugene B. Gary*, for appellants.

*Messrs. Noble & Noble*, contra.

November 14, 1884.　The opinion of the court was delivered by

MR. JUSTICE MCGOWAN.　In January, 1865, the late William Smith made a deed of gift of a tract of land (525 acres) to the widow and children of his deceased son, Thomas W., viz., the widow, Edna F., and four children, Mary E., Samuel J., Jennie F., and Thomas W. Smith.　In June, 1865, the widow Edna intermarried with Benj. M. Martin, and the family went into possession of the land.　There were no improvements on the place, and Mrs. Martin and her husband erected a dwelling house and necessary out-buildings, which it is alleged enhanced its value about $300.　In 1876, Mary E., one of the children, intermarried with Lawrence K. Dantzler, and on March 28, 1881, they conveyed the interest of the said Mary E., one-fifth, to Richey & Miller, and the same was sold as their property under execution against them, March, 1883, and purchased by the plaintiffs, who took sheriff's title, and instituted these proceedings for partition of the land.

B. M. Martin and his wife Edna both answered, that they had put permanent improvements upon the land, paid taxes therefor, and boarded, clothed, and educated the children, for which they were entitled to compensation, amounting in the aggregate to more than the entire value of the land.　The plaintiffs replied, charging waste, denying the right to compensation for improvements, claiming rents and profits on their fifth, and pleading the statute of limitations, &c.

It was referred to the master, M. L. Bonham, jr., to hear and determine the issues.　He took testimony and made report, finding as matter of fact that the improvements enhanced the value of the land $300, and holding that the same should be allowed to Martin and wife; that Martin paid the taxes, and that he should have refunded to him what he had paid within the last six years, viz., $96.00; and that the plaintiffs were not entitled

to rents and profits except for the year 1883, but were entitled to partition of the land.    On exceptions to the master's report, the cause came on to be heard by Judge Hudson, who held that Martin and wife were not entitled to compensation for the improvements upon the common property, and ordered a writ of partition in the usual form to divide the land into five equal parts, recommitting the report as to the taxes paid.

From this decree Martin and wife appealed to this court upon the following exceptions: "1. Because his honor, the presiding judge, erred in sustaining plaintiffs' first exception.    2. Because the judge erred in failing to allow Mrs. Edna F. Martin compensation for improvements erected on the land described in the complaint.    3. Because the judge erred in signing a writ for the partition of the land in five equal portions."

We agree entirely with what Chancellor Dargan said in a note to *Williman* v. *Holmes*, 4 *Rich. Eq.*, 476: "The question whether compensation is to be allowed to a tenant in common, who has made improvements upon the common estate, as against his co-tenant, has been attended with much difficulty.    Not to allow it, when the improvements are valuable, in many cases is highly inequitable; yet no safe rule of universal application can be laid down upon the subject.    For in some cases, though the improvements may add to the permanent value of the estate, it might be undesirable, inconvenient, or even ruinous. for the co-tenant, who has not concurred in the improvements, to meet his share of the expense," &c.    There is no doubt about the general rule.    Our cases have settled the question against the right of an improving tenant-in-common to the exclusive benefit of his improvements.    *Thurston* v. *Dickinson*, 2 *Rich. Eq.*, 317; *Dellet* v. *Whitner*, *Cheves Eq.*, 223; *Hancock* v. *Day*, *McMull. Eq.*, 69; *Thompson* v. *Bostick*, *Id.*, 79.

To this rule however, there are well established exceptions, one of which is that where improvements are made by a tenant in common, *who has reason to believe, and does honestly believe, that he has fee simple title in severalty to the land so improved.* In such case the tenant is allowed compensation, and if practicable, in partition the part of the land so improved will be assigned to the tenant who made the improvements, without charg-

ing him with the value of said improvements; that is to say, the partition will be made without any reference to the improvements. *Williman* v. *Holmes, supra; Scaife* v. *Thomson,* 15 *S. C.,* 337; *Annely* v. *DeSaussure,* 17 *Id.,* 391; *Johnson* v. *Harrelson,* 18 *Id.,* 604.

In this last case the principle is announced by the Chief Justice as follows: "As a general rule, and in ordinary cases, where the co-tenants are all known and easy of access, and one moves forward without consultation with the others, and erects improvements of his own accord whether desired or not by the others, he does so at his own risk, and such improvements will not be allowed. * * * Where, however, improvements have been erected by a co-tenant, which add value to the common estate, and erected under circumstances which would make it a great and obvious hardship upon the improving tenant to deprive him entirely of the benefit of such improvements, throwing their whole value into the common estate for partition, the disposition of the court of equity has always been to give the improving tenant the benefit thereof as far as consistent with the equity of his co-tenants. 1 *Story Eq. Jur.,* § 655." It seems to us that the improvements in this case were erected by the mother and her husband, "under circumstances which would make it a great and obvious hardship upon them to be deprived of the benefit of such improvements, throwing their whole value into the common estate."

We do not regard the rule that the improving co-tenant is not entitled to compensation, as applying to the case where all the *co tenants concur* in the improvements. From the peculiar circumstances of this case, we must regard it as belonging to that c'ass of cases. It is true that the children *were minors* at the time the improvements were made and could not consent for themselves, but they were with their mother, and the family needed a home—indeed, it was absolutely necessary. If, at the time, an application had been made to the court for leave to build a little cottage on the common property as a shelter for the family, can there be a doubt that such application would have been granted by the court, acting for the children? *Ex parte Palmer,* 2 *Hill Ch.,* 218; *Corbett* v. *Laurens,* 5 *Rich. Eq.,* 316.

Then we regard that done which should have been done. It was not the legal duty of the mother or her husband to support the children without the use of their shares. The possession of the mother was also the possession of the children living with her, and of course they have no just claim for rents and profits which they consumed themselves. The plaintiffs have no higher rights than Mrs. Dantzler transferred to Miller & Richey. We think the facts require us to consider the improvements as made with the concurrence of all the co-tenants, through the court acting for them.

In this view, what equity could Mrs. Dantzler or her vendee have as to more than *one-fifth* of the land without regard to the improvements, to which she had in no way contributed? Possibly the land may be somewhat worn by cultivation, but that was the result of supporting and rearing the family of which she was a member, and of this she certainly had no right to complain. We think this is an exceptional case, and that under the circumstances Mrs. Martin ought to have the enhanced value the improvements have given to the land, and that the same may be allowed to her without the slightest injustice to Mrs. Dantzler or any one who stands in her place by purchase of her share; that the writ of partition be so framed that the commissioners should assign, if practicable, to Mrs. Martin the portion improved, without charging her with the value of the improvements; or if the land must be sold, that the amount added to its value by the improvements shall be allowed her out of the proceeds of sale, before an equal division of the same among her and the children or those now owning their shares, the amount added to the value by the improvements to be ascertained after the sale by the master fixing the ratable proportions of their value to that of the entire tract of land, considered only in reference to the *purchase money* of the whole. *Hand* v. *S. & C. R. R. Co.*, 17 *S. C.*, 220.

The judgment of this court is, that the judgment of the Circuit Court, subject to the modifications herein indicated, be affirmed.