MINERVA V. WILKINSON, et. als., v. WILLIAM R. BRINN and wife, Sallie Brinn.

(Decided May 9, 1899).

*Mortgage—Foreclosure—Purchaser.*

1. In an action for foreclosure, where the parties in interest are all before the Court, and decree of sale is made, and sale reported, the purchaser can not avoid complying with his bid on the ground that the name of the husband of one of the grantors, who, with his wife, executed the deed to the defendants, mortgagors, does not appear in the body of the deed—the mortgage being given to secure the purchase notes.

2. It is immaterial to a purchaser at a judicial sale, who gets a good title, where the money goes—the Court, after collecting the proceeds of sale, will see that they are properly distributed.

CIVIL ACTION for foreclosure of mortgage of land described in complaint.

WILKINSON v. BRINN.

The defendant William R. Brinn, had purchased the land from plaintiffs, received a deed and had given notes to secure the purchase money, and with his wife had executed a mortgage to secure the notes and had made default in payment. Mattie V. Campbell, wife of Charles A. Campbell, Sr., was a party in interest and her husband joined her in the execution of the deed to Brinn, but his name does not appear in the body of the deed. Both deed and mortgage have been proved and registered. Mrs. Campbell has since died, leaving infant heirs who, being without guardian, are represented as plaintiffs by their next friend, Charles A. Campbell, Sr., individually, and as administrator of his wife is among the plaintiffs.

There was a decree of foreclosure, and commissioner appointed to make sale; the sale was made and T. J. Topping reported as purchaser, who failed to comply with his bid.

At February Term, 1899, of BEAUFORT Superior Court, before *Bowman, J.,* motion, upon notice, was made by the commissioner for summary judgment against Topping, the purchaser, for the amount of his bid and payment of same.

Topping responded that he could not get a good title (1), Because Campbell's name did not appear in the body of the deed to Brinn so that his wife's interest did not pass to Brinn. (2), Because Campbell, at death of his wife, acquired an interest in her estate, and will be entitled to share in the distribution of the proceeds of the sale, if confirmed.

His Honor adjudged that the motion for judgment be denied and that Topping be released and discharged from his bid, and recover his costs. From this judgment the commissioner and plaintiffs appealed.

*Mr. John H. Small,* for appellants.
*Mr. Charles F. Warren,* for appellee Topping.

FAIRCLOTH, C. J.   At the death of J. B. Wilkinson in 1887 his land, the same now in controversy, descended to his four children, subject to the dower of his widow, Minerva Wilkinson.   Said children, their husbands and the widow, sold and conveyed by deed said land to defendant Brinn, who with his wife executed a mortgage deed to the grantors to secure the purchase price, both deeds being duly probated and registered.   Among said grantors was Mattie V. Campbell, and her husband signed the deed to Brinn, but his name does not appear in the body of the deed.   Subsequently Mattie V. died intestate, leaving infant children and her husband surviving.   An action was brought to foreclose said mortgage, the minor children of Mattie V., having no general guardian, were represented by A. H. Wilkinson as their next friend.   A decree of sale was ordered, the sale was made and T. J. Topping was the best bidder and was declared and reported as the purchaser.   In this action all interested are parties plaintiffs, including the widow, Minerva, Charles A. Campbell (husband of Mattie V. Campbell) individually, and on motion has been made a party as administrator of his wife in this Court under The Code, 965.

On notice to Topping, the purchaser, to show cause why a summary judgment should not be entered against him for the amount of the purchase money now due, he responds that he can not get a good title to the land under a decree of the Court confirming said sale, and a deed made by its commissioner under its direction: (1), Because, by reason of Campbell's name not appearing in the body of the deed, his wife's interest did not pass to Brinn, that it was not their deed.   (2), Because Campbell, on the death of his wife, acquired an interest in her estate, and will be entitled to share in the distribution of the proceeds of the sale if confirmed.   There is no question raised as to the interest of any other of the parties interested.

There is no force in the respondent's contention. Without in any manner considering the regularity or irregularity of the deed to Brinn, the plaintiffs, including the widow, the children of Mattie v., her husband individually, and as her administrator, are concluded and will be estopped effectually by a foreclosure decree in this action and deed thereunder, as to all material questions presented in this record.

Topping has no interest in the question presented by his second reason for refusing to pay his note for the land. He gets a good title, and it is immaterial to him where the money goes. The Court, after collecting the proceeds of sale, will see that they are properly distributed.

By consent the facts above stated were found . by the Court. We see no reason why the plaintiffs should not have judgment in their favor.

Reversed.