The rights of the parties and respective interests in the property are chiefly dependent on a certain deed bearing date March, 1883, in which A. L. Pendleton, the owner of the property, and Charles Guirkin, as trustee holding under a trust deed from said Pendleton, to secure two small claims due from him to his then wife, Jane Pendleton, conveyed the same to Jane R. Pendleton and others, habendum as follows:
"To have and to hold the above mentioned and described . . . property unto the said Jane R. Pendleton for and during the term of her natural life free from the control and incumbrances of any and all persons whatsoever.
"To have and to hold one-third of the remainder unto the said Robert D. Williams and his heirs forever. To have and to hold the other two-thirds of the said remainder in equal parts in severalty unto the said George W. Pendleton and Kate Pendleton, each for his or her natural life; but if the said George or the said Kate shall die, leaving issue of their body, or the body of either, or the issue of said issue, living at the time of his or her death, then to have and to hold the part of the one so dying and so leaving lineal heirs unto the said George W. or unto her, the said Kate, and his or her heirs in fee forever. But if the said George W. or the said Kate shall die without leaving issue, or the issue of such, at his or her death, then to have and to hold the remainder after their life estate unto the said Robert D. Williams and his heirs in fee. But if either the said George or the said Kate shall die, not leaving issue of the body of the one dying, but leaving the other surviving, then to have and to hold the part of one so dying, one moiety thereof unto the said Robert D. Williams *Page 267 
and his heirs, and one-half thereof unto the survivor for and during the term of their natural life, and if the survivor shall die, leaving issue living at his or her death, or the issue of such, then to have and to hold the part last mentioned unto the said survivor (250) and his or her heirs. But if the survivor shall die, not leaving issue at his or her death, or the issue of such, then the remainder of said life estate herein granted to have and to hold unto the said Robert D. Williams and his heirs. The object of thus limiting the estate herein granted being to secure the same to the blood of the said Jane R. Pendleton in exclusion of the relatives of the half-blood of the said George W. and Kate on side of their father and said Andrew L. Pendleton."
It appears that Jane R. Pendleton is dead; that Robert D. Williams, a child and one of her heirs at law and one of the grantees in said deed, is dead, having him surviving his widow and Missouri and four children and heirs at law who are parties defendant, and sui juris and duly served with process; that during the life of said R. D. Williams, on judgment duly docketed and execution against him, his one-third vested interest in the property was sold and same was purchased by E. F. Aydlett and T. B. Flora and the latter having since died, his children and heirs at law are among the petitioners; that said Flora and Aydlett, shortly after the purchase of R. B. Williams' interest, bought and received a deed for the life-interest in the property and made certain valuable improvements on the place, for which they were adjudged entited [entitled] to receive out of the proceeds of present sale the sum of $300, in addition to their one-third interest in the estate of R. B. Williams, acquired by execution sale.
The parties plaintiff and copetitioners in the present action are George B. Pendleton and Kate Pendleton Pool, the children, two of the three children and heirs at law of Jane R. Pendleton, deceased; E. F. Aydlett and the children and heirs at law of J. B. Flora, copurchaser with Aydlett, at execution sale, of the vested interest of R. B. Williams, including S. H. Johnson, who married a daughter of J. B. Flora, deceased, and who is the purchaser in the present proceedings.
The defendants, as stated, are the widow and heirs at law of R. D. Williams, who have been duly made parties defendant and file no answer.
It also appeared by admissions made on the argument that heretofore, to wit, at Spring Term, 1892, on proceedings instituted before the clerk and duly transferred to civil issue docket, an application was made to sell this land, dependent on this very deed for partition and relief, and was denied on the ground that, under the facts and the law then existent, the courts were without power to make such a decision. *Page 268 
At February Term, 1917, before his Honor F. A. Daniels, Judge, a decree was entered for want of answer, declaring the rights of the parties in the property and ordering a sale and also an assessment to be allowed of $300, by reason of improvements, as heretofore stated. (251) Report was made of said sale to March Term, 1917, and, on an increased bid, another sale was ordered. On this sale, report was made to June Special Term, 1917, before his Honor M. H. Justice, Judge, S. H. Johnson being the purchaser, the report stating and it being admitted that the sale and purchase were on condition that a good title would be made. On notice duly served, it was adjudged that a deed be made and the purchaser pay the price of his said bid.
Decree was further made that one-third purchase money and the $300 assessment for improvements be paid to the owners of R. B. Williams' interest, Aydlett and the heirs at law of Flora and the remainder be paid to George B. Pendleton and Kate Pendleton Pool for their lives, they giving bond to account for same if the contingency arrived finally carrying their interests or any part thereof to the defendants, the widow and heirs at law of R. D. Williams; this last part of the decree being changed during the term so as to direct that the money representing this interest be paid into the clerk's office to be loaned out by him or otherwise invested as required by law until the happening of the contingency.
To this last judgment, for payment of purchase money and distribution of the proceeds, the purchaser, S. H. Johnston and George B. Pendleton and Kate Pendleton Pool, excepted and appealed.
In a former proceeding concerning this property, Aydlett v. Pendleton etal., 111 N.C. 28, it was adjudged that a sale for partition could not be had on account of contingent estates and interests therein, the recognized rule at that time being correctly stated in the headnotes as follows: "A sale for partition will not be decreed when there are contingent remainders or other conditional interests therein unless all the persons who may be by any possibility interested unite in asking such a decree."
A like decision was soon thereafter made in Hodges v. Lipscombe,128 N.C. 57, and the position had long been the accepted law of the State.
Neither the position, however, nor its application to this property can be rightly considered an estoppel on the parties to this present proceeding, the only question there determined being whether, under the law *Page 269 
and the conditions then prevailing, the owners or any of them had the right of compulsory sale, and soon after these rulings were made, the Legislature, in 1903, chapter 99, amended in chapter 548, Laws 1905, and again in 1907, the law on the subject now appearing in 1 Pell's Revisal, sec. 1590, authorized the sale of property or the portions of it affected by interests of this character, by judicial (252) decree, wherever there was "a vested interest in real property with remainder over to persons not in being or when the contingency has not yet happened which will determine who the remaindermen are and, further, when it is made to appear that the interests of all parties require or would be materially enhanced by such sale." Provision is made for service of process on all persons in being having an interest and for the proper representation and protection of the interests of persons not in being and not ascertainable before the happening of the contingency, and further, for the proper care of the proceeds by reinvestment in other property, etc., or a loan of same under the court's approval till a satisfactory investment can be found. Under certain conditions, the statute also authorizes the sale of a part of such property looking to the improvement of the remainder when such a course is found to be for the advantage of all persons having an interest, actual or potential.
It is very generally recognized that statutes of this kind, being no interference with the essential rights of ownership, but operating rather in addition to those already possessed by the owners of such estates, are well within the Legislative powers. Lawson's Rights and Remedies, sec. 3867.
And the act we are presently considering has been repeatedly approved and applied by decisions of this Court, the law being construed to authorize a sale of the property or the portion of it affected by the contingent interest and not a sale of the contingent interest separately.Smith v. Witter, 174 N.C. 616; Smith v. Miller, 151 N.C. 620; Anderson v.Wilkins, 142 N.C. 154; Hodges v. Lipscombe, 133 N.C. 199; Springs v. Scott,132 N.C. 548; where the subject of these sales is very fully discussed by our former Associate Justice Connor. And it may be well to note that this later decision of Hodges v. Lipscombe, was in reversal of a previous decision in the same case, 128 N.C. supra, additional parties having been made in accord with the Court's suggestion, so as to bring the later case within the provisions of the statute referred to.
And the present case, too comes clearly within the statute, for whether the two-thirds interest held by George B. Pendleton and Kate Pendleton Pool is a life estate to be enlarged into a fee on the happening of the contingency, a position which has the support of authority in case of a will (Shriver's Lessee v. Lynn et al., 43 U.S. 43 — *Page 270 
Howard, 2 ed.), or whether, as intimated in the opinion in the former case, 111 N.C. supra, these parties had a determinable fee, this being the larger estate (Preston on Estates, 168), and the life estate being merged therein under the rule in Shelley's case, in either event these parties held a "vested interest in real property," within the meaning of the statute, and whether such an interest is owned in severalty (253) or in cotenancy with other like or vested interest, the power of sale now exists under the law and according to the course and practice of the Court.
A base or qualified fee, while it may be determined on a contingency, is a vested interest in the property while it endures.
The owner of such an estate has the fixed right of present use and control of the property, holding the same unimpeachable for waste, assuredly by any of the ordinary actions, and may exercise over it all the acts and privileges of an owner in fee simple absolute except that he cannot by deed alien the property freed from the contingency by which it is to be determined. In Fearn on Contingent Remainders and 1 Washburn on Real Property, 5 ed., p. 38, a vested estate is said to exist when there is an immediate fixed right of present or future enjoyment, a definition that has been accepted and illustrated in many well considered cases, as inL'Etournean v. Hinquenet, 89 Mich. 310; S. v. Brown, 27 N.J. Laws 13;Smith v. West, 103 Ill. 332.
In the Michigan case it is said that "a vested estate, whether present or future, may be absolutely or defeasibly vested. In the latter case, it is said to be vested subject to being divested on the happening of the contingency."
The case, therefore, comes clearly within the purpose and terms of our statute and the desirability and even the necessity for a sale being properly made to appear, a very valuable lot in the business center of a thriving city, subject and liable to great and increasing taxation and assessments and inadequately improved, the decree for sale has been properly made and the same sets forth and declares the interests of the parties as follows: One-third interest in absolute ownership in E. F. Aydlett and the heirs of John B. Flora, deceased, purchasers, at execution sale, of one undivided third of the fee simple absolute, formerly owned by R. D. Williams and also an amount by way of betterments, consisting of a house built upon the property by said Aydlett and Flora while they occupied the same as purchasers of the life estate of Jane R. Pendleton. That George B. Pendleton and Kate P. Pool, coplaintiffs, were each the owners of a determinable fee in one undivided third of the property, with remainders over, as stated, in the deed and with the ultimate remainder in R. D. Williams and his heirs in case they both died without issue. *Page 271 
There was neither appeal nor exception noted by any of the parties. Pursuant to this decree, the amount for betterments to Aydlett and Flora having been assessed at $300, the property was sold, report made and an increased bid having been offered, a resale was ordered at which the property was bid off by S. H. Johnston at $5,126.
There was judgment confirming the sale and directing distribution of the proceeds to payment of costs, etc., to the $300 to Aydlett and Flora and one-sixth of the remainder paid each to (254) E. F. Aydlett and the heirs of John B. Flora; one-third of the remainder to be paid to George B. Pendleton, and one-third to Kate P. Pool, to be held by them subject to the contingencies of the deed, on their giving bond to properly secure the interest of the ultimate remaindermen.
At the same term when this decree was rendered, on notice duly issued, payment was resisted by the purchaser on the ground that, by agreement of all parties, his bid should be paid only on condition that the commissioners could and would make a good fee simple title.
The court gave judgment that the deed be delivered and payment by the purchaser for the amount of his bid, and modified the former decree as to the distribution of the fund by directing that the portion of the fund ordered paid to George B. Pendleton and Kate P. Pool be paid into the clerk's office to be lent out or lawfully invested until the happening of the contingency.
From this last judgment, the purchaser, S. H. Johnston, and the coplaintiffs, George B. Pendleton and Kate P. Pool, having duly excepted, appealed.
So far as the purchaser is concerned, the statute having given the power of sale and all the parties in interest being before the court, there is no reason why a good title cannot be conveyed to him and he is in no way charged with the duty of seeing that the purchase money is properly distributed. When a purchaser has paid his bid into court or to the officers duly authorized to receive it, he is quit of all further obligation concerning it, and as to him the judgment must be affirmed.Wilkerson v. Brinn, 124 N.C. 723; R.C.L., title, Judicial Sales, sec. 85.
As to the appellants, G. B. Pendleton and Kate Pendleton Pool, it is the rule that betterments in behalf of a life-tenant, by reason of improvements on the property when he occupied it as life-tenant, cannot be allowed as against a remainderman. Northcott v. Northcott, ante, 148; Merritt v.Scott, 81 N.C. 385; unless when they were made such life tenants held the property under the fair and reasonable belief that he owned the same in fee. Faison v. Kelly, 149 N.C. 282. On the record, however, we do not think this objection is open to appellants; in fact, we do not understand that they now make it, and this on the *Page 272 
ground that they joined in the complaint alleging that these betterments were justly due the claimants. Nor did they appeal or note an exception to the preliminary judgment in which the right thereto was determined. In such case, this judgment should conclude them as to this right, being under the circumstances a final judgment on that question. Johnson v. Roberson,171 N.C. 194; Davis v. Pierce, 167 N.C. 135; Williams v. McFayden,145 N.C. 156; Bradburn v. Roberts, 148 N.C. 214.
In addition to this, we are not at all assured that, as cotenants (255) in remainder, the facts, under certain conditions, would not call for some such allowance, the courts of equity leaning more and more to an accounting in these cases where the circumstances fairly demand it. R.C.L., Title Cotenancy, sec. 103, citing among other cases,Brick v. Martin, 21 S.C. 590; Vaughn v. Langford, 81 S.C. 282.
On the other exception, that the fund was ordered paid into court to be loaned or invested according to law, the statute directs that the proceeds from the sale of property or portions of it affected by contingent interests shall be sold for reinvestment, the property acquired to be held upon the same contingency and in like manner as the property ordered to be sold, and further, the court may authorize the loaning of the money, subject to its approval, until such time as it can be reinvested in real estate.
From a perusal of the statute, it clearly appears that the pending care of this fund, whether as to reinvestment or its loan, is referred to the sound discretion of the court, and to this extent, the judgment as to these appellants is also affirmed.
As we have endeavored to show, however, these parties are entitled to the usufruct of these interests, whether they have a life estate therein to be enlarged into a fee or a fee simple determinable on their death without issue.
This being true, the judgment will be so far modified that the interest on these loans or the use of property purchased for reinvestment be paid or allowed them for and during the term of their natural life or until their ownership is determined by the contingencies affecting it.
In this respect, therefore, the judgment as to these appellants is modified.
Modified and affirmed.
Cited: Dawson v. Wood, 177 N.C. 163; McLean v. Caldwell, 178 N.C. 426;Bynum v. Bynum, 179 N.C. 17; Thompson v. Humphrey, 179 N.C. 51; Crawford v.Allen, 180 N.C. 247; Poole v. Thompson, 183 N.C. 598; Midyette v. LumberCo., 185 N.C. 426; Construction Co. v. Brockenbrough, 187 N.C. 75; Waddellv. Cigar Stores, 195 N.C. 438; *Page 273 DeLaney v. Clark, 196 N.C. 283; Smith v. Smith, 199 N.C. 8; Stepp v. Stepp,200 N.C. 239; Spencer v. McCleneghan, 202 N.C. 671; Perry v. Bassenger,219 N.C. 848; Butler v. Winston, 223 N.C. 426; Beam v. Gilkey,225 N.C. 525; Neill v. Bach, 231 N.C. 395.