J. DICKSON McLEAN, Commissioner, EUGENE BOND, VICTOR BOND, ALLEN BOND, R. S. BOND, Executor and Trustee, Etc., and W. LENNON, Guardian, Etc., v. S. F. CALDWELL.

(Filed 12 November, 1919.)

1. **Wills—Devises—Contingent Limitations—Sales—Reinvestment—Statutes.**

Lands devised for life with contingent limitations over may be sold for reinvestment under the provisions of Revisal, 1590, and effected under the court's order, subject to its future approval of the sale, when it is made to appear that the best interest of all parties so require, those living and in present interest are represented in person, and unborn children by guardian *ad litem.*

2. **Same—Purchaser—Application of Funds.**

A purchaser of devised lands affected with a life estate and contingent limitation over, sold for reinvestment under the provisions of Revisal, 1590, is not ordinarily charged with the duty of looking after the proper disposition of the purchase money, and upon paying it into court, under its order, he is quit of further obligation concerning it.

CONTROVERSY without action, heard before *Calvert, J.,* at September Term, 1919, of ROBESON.

The controversy is to determine the right to enforce collection of a bid for real estate, sold for reinvestment under section 1590 of Revisal. There was judgment that the title offered was a good one, and that the defendant, the purchaser at judicial sale, comply with his bid.

Defendant excepted, and appealed.

*McLean, Varser, McLean & Stacy for plaintiffs.*
*McIntyre, Lawrence & Proctor for defendant.*

HOKE, J. The facts pertinent to the inquiry and showing the action of the Superior Court thereon are very satisfactorily stated in the appellant's brief filed in the cause, and are as follows:

"Fannie Peterson, owner in fee simple of a lot in the business portion of lumberton, died leaving a will wherein she devised said lot to Eugene Bond for life, with remainder in fee to his oldest daughter, if any, or if no daughter, then to his oldest son, or should he die without issue, then to Allen Bond in fee simple. In said will she also directed her executors to purchase another lot, adjoining the lot then owned by her, the title to which lot, when so purchased, to be held for the same persons and subject to the same conditions and limitations as set forth in the will with respect to the lot owned by her at her death. Pursuant to such direction, her executor acquired title of said lot, and the two lots together, embracing one acre of land, which is the subject of this action.

"Eugene Bond, the life tenant, is living and above the age of 25, but is unmarried. The contingent remaindermen, Victor Bond and Allen Bond, are living, above the age of 21, but are unmarried.

"In 1917 Eugene Bond, the life tenant, instituted an action in the Superior Court of Robeson County to have said land sold for reinvestment under section 1590 of the Revisal. Victor Bond, Allen Bond, R. S. Bond, executor of Fannie Peterson, and the unborn children of Eugene Bond, Victor Bond, and Allen Bond, were defendants in this action, and summons was duly served upon them. Upon application, the judge appointed a guardian *ad litem* to represent the unborn children of the life tenant, and devisees and all contingent remaindermen. A verified complaint was filed alleging that the land was in the business district of Lumberton and too valuable to be used for residence purposes; that there was only one small dwelling on the land, and there was no appreciable revenue therefrom; that the life tenant and living contingent remaindermen were without funds to pay taxes or improve the property, or to pay inheritance taxes assessed, and that the best interest of all concerned would be subserved by a sale for reinvestment. The guardian *ad litem* filed answer admitting the allegations of the complaint. At December Term, 1917, Judge Bond entered a decree of sale, appointing J. Dickson McLean as commissioner, and authorizing him to secure private bids and submit same to the court. Thereafter, S. F. Caldwell, defendant in this action, addressed a written bid to the commissioner, offering him $25,000 for a 'good, perfect, and indefeasible title in fee simple' to said lands. The commissioner filed report recommending the acceptance of this bid, whereupon, at September Term, 1919, his Honor, Judge Calvert, signed a decree authorizing acceptance of the bid and directing the commissioner to execute a deed conveying said land to the purchaser in fee simple upon payment of the purchase money, the decree further providing that the proceeds of sale should be deposited in bank at interest until such time as a decree for reinvestment of the proceeds of sale could be entered. The commissioner thereupon tendered a deed in the usual form of a commissioner's deed to said Caldwell, who declined to accept same or pay the purchase money, for that he was advised by counsel that there was doubt as to the power of the court to decree a sale of said lands, and for that there was doubt as to whether, upon the face of the record of said proceedings, the deed of the commissioner would convey a good, perfect, and indefeasible title in fee simple to said lands.

"This action was thereupon instituted by the commissioner, and the living devisees and executor of Fannie Peterson, against said S. F. Caldwell for the purpose of requiring said Caldwell to comply with his bid, receive the deed from the commissioner, and pay the purchase money. There being no dispute whatever as to the facts, the cause was submitted

to the court below upon a case of agreed facts. The court being of opinion that upon the face of the record the court had the power to decree a sale of said lands, and being of opinion that the deed of the commissioner would pass a good, perfect, and indefeasible title in fee simple to the purchaser, judgment was entered requiring defendant to comply with his bid and pay the purchase money, to which judgment defendant excepted and appealed."

In several recent cases before us, the questions presented were fully and directly considered, and the decisions are in full support of his Honor's ruling in the premises. *Dawson v. Wood*, 177 N. C., 159; *Pendleton v. Williams*, 175 N. C., 248; *Thompson v. Rospigliosi*, 162 N. C., 145.

From a perusal of these cases, and the authorities cited therein, it will clearly appear: (1) That, on the facts presented, the court had full power to order a sale for reinvestment under the statute; (2) that the same can be effected by private negotiation, subject to the approval of the court, when it is properly made to appear that the best interest of all the parties so requires. This was the course pursued and directly approved in *Dawson's case, supra.* (3) That ordinarily, and on the facts of this record, the purchaser is not charged with duty of looking after the proper disposition of the purchase money, but, when he has paid his bid into court, or to the parties authorized to receive it by the court's decree, he is "quit of further obligation concerning it." *Dawson v. Wood, supra; Pendleton v. Williams, supra,* and, as said further in the *Dawson case,* the proper care and safety of the fund can be provided for in the final decree.

It may be well to call attention to two recent statutes in reference to the care and proper investment of funds arising by reason of these sales for reinvestment. Laws 1919, ch. 17; Laws 1919, ch. 259.

On the record, the judgment of the Superior Court is
Affirmed.