---

(No. 14525.—Reversed and remanded.)
Forrest Deem, Appellant, *vs.* Charles C. Miller *et al.* Appellees.

*Opinion filed April 19, 1922—Rehearing denied June 8, 1922.*

1. Wills—*when interests of after-born children cannot be destroyed by conveyance.* Where a will creates a life estate with a remainder to the children of the life tenant, the life tenant and the living children cannot, by making a conveyance, destroy the interests of after-born children, as the remainder is vested in quality although contingent in quantity; and there is no provision in the law for the protection of such interests in the fund arising from such conveyance as there is in case of partition or a judicial sale.

2. Deeds—*covenant to convey by a good warranty deed means a good title—pleading.* A covenant in a contract for conveyance to convey a fee simple title "by a good and sufficient warranty deed" requires conveyance of a good title in law, which means a good merchantable title, and a declaration for damages alleging a breach of the contract because the defendant could not convey a "good title" is in accordance with the terms of the contract and is sufficient.

Appeal from the Circuit Court of Henry county; the Hon. Emery C. Graves, Judge, presiding.

THOMAS J. WELCH, for appellant.

ALBERT E. BERGLAND, and STURTZ & EWAN, (JOHN T. CUMMINGS, of counsel,) for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment in bar against appellant, entered by the circuit court of Henry county. Appellant and appellees, Charles C. Miller and his four children, all adults, entered into an agreement on the 17th day of May, 1919, whereby appellant agreed to purchase from appellees certain lands in the county of Henry and State of Illinois, and appellees agreed to convey the same "in fee simple, clear of all incumbrances whatsoever, by a good and sufficient warranty deed," abstract to be furnished by appellees. The consideration for the purchase was the sum of $32,000, of which $500 was paid at the time of the signing and delivery of the contract, the contract to be completed March 1, 1920, and possession given at that time. The contract provided that in case appellant failed to make either of the payments or perform any of the covenants on his part to be performed, the contract should, at the option of appellees, be forfeited and determined and appellant forfeit all payments made by him on such contract as liquidated damages, and appellees should thereupon have the right to re-enter and take possession of the premises. It was also agreed that time of payment was to be of the essence of said contract. The appellees acquired whatever interest they had in the premises in question by reason of paragraph 3 of the last will and testament of Harriet Miller, deceased, which is as follows: "I give and bequeath to my son, Charles Miller, the following tract of land, [describing the same,] to have and enjoy the use thereof dur-

303–16

ing his natural life, but he shall have no right, power or authority to sell, incumber or convey the same or any part thereof nor any interest therein, and upon his death said real estate shall be divided in equal parts among his children." Appellees tendered a conveyance to appellant of the title as shown by their abstract, which was refused by appellant on the ground that it was not the title contracted for. Appellant thereafter brought this action in assumpsit to recover damages for breach of the contract. The declaration consists of two counts. The first avers the making of the contract, and that appellant was ready, willing and able to comply with all its terms on March 1, 1920, but that appellees did not make or cause to be made to appellant a good title to said lands, and that appellant lost thereby the benefit of the purchase, alleging damages in the sum of $3500. The second count is similar to the first, except that it avers that appellees did not have a fee simple title, clear of all incumbrances, to the lands on the date of the contract or at any time since then; that the interest of appellees in said lands was acquired by the foregoing provision of the last will and testament of Harriet Miller, and that by reason of the fact that Charles C. Miller is still living, it is impossible for appellees, under the law, to convey to appellant a fee simple title to said lands, clear of all incumbrances whatsoever. A general and special demurrer was filed to this declaration and sustained and judgment in bar entered by the court.

It is contended by appellant that the declaration sets out a good cause of action against appellees, and that appellant ought to recover for the reason that it is impossible for appellees to convey to appellant the title which they contracted to convey. It is contended by appellees that a conveyance by the life tenant and such of his children as are *in esse* passes good title to the lands in question; that appellant has refused to accept such title, and that therefore there is no breach of the contract.

The theory of appellant is that the children of the life tenant have a vested estate subject to being opened up to admit after-born children, and that the rights and interests of after-born children will not be destroyed by the conveyance of the life estate and the interests of such children *in esse* tendered in this case, but that such after-born children, if there be such, will have an interest in the lands in question. Appellees' theory is, that while the rule is as announced in *Field* v. *Peeples,* 180 Ill. 376, and other cases, that where a remainder is limited to a class, some of whom are not in existence, such remainder vests in those *in esse* subject to being opened up to let in after-born children born during the continuance of the life estate, yet such rule means that if the life estate come to an end by conveyance of the life tenant or otherwise, children born after such conveyance are not born during the continuance of the life estate, and that a deed made by the life tenant and the remainder-men *in esse* cuts off the right of any after-born children.

In *Weberpals* v. *Jenny,* 300 Ill. 145, the question arose on a bill for specific performance of a contract for the sale of land. The defense was that the abstract offered by the vendor did not show merchantable title. Whether or not it did depended upon the construction of the sixth clause of the will of David Sholes, which gave a life estate to his daughter in the lands involved and upon her death to her children, to be divided among them equally. It was there held that the interests of after-born children, when they came into being, were identical with the interests of the living children of the life tenant. While it was there urged that the after-born children by reason of the conveyance would have no interest whatever in the lands, it was held that such was not the rule in contracts for the sale of land, though in cases of partition a court of equity would, in a decree for partition and sale, designate the interests of

remainder-men not *in esse* and protect such interests in the fund.

In *Gibbs* v. *Andrews*, 299 Ill. 510, the testatrix devised land to her daughters for life with remainder in fee simple to the heirs of their bodies. It was there held that the remainder in the share devised to each daughter was vested in the children *in esse* of such daughter, subject to being opened up to let in after-born children, diminishing the interests of those *in esse* at the time of the devise.

In *Dustin* v. *Brown*, 297 Ill. 499, it is held that where a life estate is given with remainder to the children of the life tenant the remainder vests in such children subject to being opened up to let in after-born children, but that the quantum of the interest in the remainder held by the children *in esse* is undetermined.

In *Richardson* v. *VanGundy*, 271 Ill. 476, the deed was to the life tenant for life and at her death to the heirs of her body. It was there held that the deed conveyed to Laura VanGundy a life estate with remainder in fee simple absolute to her children, which remainder vested in the four children, subject to being opened up to let in the shares of children afterward born. It was also held that the estate was vested in quality in these children, but it was contingent in quantity and must remain uncertain in that respect until the death of the life tenant.

We find no authority for the contention that the rule as to the destruction of contingent remainders should be applied to a case where the estate is vested in quality but contingent in quantity. There is no outstanding contingent remainder in this case. The remainder is vested in the children of the life tenant who are *in esse,* and their interest is subject only to a contingency affecting the quantum of their interest but not the quality of the estate taken by them.

In cases of partition such as have been herein referred to, equity, in order to enforce the right of partition, will dispose of the interests of after-born children in

the remainder in the property, provided adequate protection of such interests is made in the fund. This is done because of the equitable right to partition and because the rights of after-born children, should such arise, are adequately protected in the fund and their rights are by representation passed upon. In *Dole* v. *Shaw,* 282 Ill. 642, Charles T. McCumber took the land in question by deed from his father granting him a life estate with remainder to his children. On a petition in the county court setting out that it was for the best interest of the children of McCumber that their remainder, together with McCumber's life estate, be sold, the land was sold at guardian's sale, and the question arose as to whether or not this sale extinguished the rights of after-born children of McCumber. The proceedings, including the decree, took no notice of the rights of after-born children, and it was there held that in the absence of a provision protecting the interests of such children in the fund into which the land was converted, such sale did not divest them of their interests in the land itself should there be after-born children, it there being held that the rights of persons unborn are sufficiently cared for where the estate is sold under a regular and valid judgment and the interests of such after-born children are protected in the proceeds from such sale. It has also been held that a trustee under a will may sell the interests of after-born children where all living persons in interest are made parties and where the proceeds are impressed with the interests of after-born children so that the same may be protected. In such case children not *in esse* have been held to be fully represented and their rights fully defended and protected by those in being, whose rights are identical with those of the after-born children. (*Hale* v. *Hale,* 146 Ill. 227; *Fienhold* v. *Babcock,* 275 id. 282.) We are not advised, however, of any case where the interests of after-born children have been extinguished by contract or conveyance by the life tenant and remainder-men *in esse* even by attempting

to protect the same in the fund, and, indeed, there appears to be no good reason for such a rule. The right of a life tenant or remainder-man to convey in such a case is subject to and does not dominate the interests of after-born children, and such life tenant or remainder-man cannot exercise control over the same, as a court of equity may be said to do in the enforcement of an equitable right of partition or in case of a sale under a judgment of court.

We are of the opinion that under the will of Harriet Miller a deed from the life tenant, Charles Miller, and his children *in esse,* will not extinguish the rights of unborn children of Miller, and that a transfer of the property can not be made conferring a good merchantable title. It follows that the title contracted for was not tendered, and the declaration of appellant in this case was not subject to demurrer for that reason.

It is urged by appellees that the circuit court was right in sustaining the demurrer filed to the declaration in this case, for the reason that the averments of the breach were not in accordance with the terms of the contract. The contract provided that appellees should convey to appellant "in fee simple, clear of all incumbrances whatsoever, by a good and sufficient warranty deed." The declaration alleges that they did not tender a good title. The covenant to convey in the language used in this contract requires conveyance of a good title in law, which means a good merchantable title. (*Brown* v. *Cannon,* 5 Gilm. 174; *Geithman* v. *Eichler,* 265 Ill. 579.) The allegations of the declaration are sufficient in that regard.

For error in sustaining the demurrer of appellees the judgment is reversed and the cause remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*