G. E. MIDYETTE, COMMISSIONER, v. LYCOMING TIMBER AND LUMBER COMPANY.

(Filed 16 May, 1923.)

**1. Estates—Contingencies—Sales—Statutes.**

The timber growing upon lands devised to the testator's named daughter for her sole and separate use during her life only, and at her death to such of her children and grandchildren then living as she may have appointed in her will, and upon her failure to have done so, to her children and grandchildren then living, during the life of the daughter, is affected by the contingencies contemplated by C. S., 1744, and amendments of 1923, authorizing a sale for the purpose of reinvestment, etc., upon compliance with its provisions, among other things requiring that those having a vested interest be made parties, the minors and those not in esse and

MIDYETTE *v.* LUMBER CO.

who cannot at present be ascertained be made parties by guardian duly appointed.

**2. Same—Parties—Vested Interests.**

Where such devisee and her living children and grandchildren have brought proceedings to have the timber on the lands affected with contingent interest sold for reinvestment, etc., C. S., 1744, and amendments of 1923, valid objection that no one having a vested interest in the lands had been made a party cannot be sustained. *Poole v. Thompson*, 179 N. C., 44.

**3. Same—Bonds—Procedure.**

Where an order has been made for the sale of timber growing upon lands affected with contingent interests, the court should also require its commissioner appointed for the sale to give bond for the preservation and proper application of the proceeds of sale, etc. (Laws 1919, ch. 259) ; but this provision does not affect the title of the purchaser, who is not required to see to the application of the funds, and the proper order in this respect may be supplied by amendment or supplementary decree.

**4. Same—Private Sales—Courts.**

Where the provisions of C. S., 1744, and amendments of 1923, have been observed in the sale of lands affected with contingent interests, the commissioner appointed to make the sale may effect the same by private negotiations, subject to the approval of the court, when it is properly made to appear that the best interests of the parties so require.

CONTROVERSY without action, heard before *Daniels, J.,* holding courts in Northampton County, the judgment being signed out of term by consent of parties at Winton, N. C., on 26 April, 1923.

The action is brought to recover the purchase price of certain timber sold by plaintiff as court commissioner and bought by defendant at an agreed price of $6,720, on terms set out in court decree, said sale having been duly approved and title ordered to be made. Defendant having refused to pay price, plaintiff, as commissioner, by order of the clerk, was directed to institute proceedings to recover same, and on the facts submitted the court entered judgment that the defendant accept the deed and pay the price in amount and under terms as directed in the decree. Defendant excepted and appealed.

*G. E. Midyette and Murray Allen for plaintiff.*
*George C. Green for defendant.*

HOKE, J. It is submitted in the case agreed, among other things, that: "In a proceeding lately brought before the clerk of the Superior Court of Northampton County by Margaret B. Ellis, John H. Fitzhugh, and India W. Fitzhugh, his wife, W. T. Davis and Margaret E. Davis, his wife, against Andrew Fitzhugh and others, it was sought to sell certain standing timber standing on certain lands in said county, which

were devised in item 3 of the will of J. J. Bell, said item 3 reading as follows: 'I give, devise, and bequeath to my daughter, Maggie, or Margaret, Fitzhugh (who was one of the plaintiffs in the above proceeding), during her life, the tract of land and house where she now resides in Garysburg, N. C., together with one-half of the tract of land known as my homestead tract mentioned in item second of this will, to have and to hold the said land and house and other buildings where she now resides in Garysburg, together with one-half in acreage, but not in value, of the tract of land known as my homestead tract, unto her the said Margaret Fitzhugh's sole and separate use during her life only, and after her death, to such of her children and grandchildren living at her death as she may by her will appoint, and in case she shall make no such appointment by will, then to her children and grandchildren living at her death in equal portions, but such children shall take *per stirpes* and not *per capita.*'

"The above proceeding was brought for the purpose of selling to the defendant company certain timber standing on certain of the land included in the devise, for the purpose of reinvesting the funds arising from such sale as provided by C. S., 1744, and the amendment to the same passed at the session of 1923, entitled 'An act to amend section 1744 of the Consolidated Statutes, relative to the sale of contingent remainders,' which amendment gave the clerk of the court jurisdiction.

"In the proceeding brought before the clerk, the plaintiffs therein, above named, were Margaret Ellis, who is Maggie or Margaret Fitzhugh, named in item 3 of said will, and the other plaintiffs are all the children of the said Margaret Ellis, and the defendants in said proceeding are all her grandchildren.

"In said proceeding a guardian *ad litem* was appointed for the infant grandchildren *in esse,* and also for any grandchildren not *in esse,* whom the said Margaret Ellis might hereafter have. To the said proceeding all the children and grandchildren of the said Margaret Ellis, as well as the said Margaret Ellis and any unborn grandchildren of hers, were parties, and no question is raised in this appeal as to the regularity of the said proceeding. In said proceeding an order was made by the clerk of the Superior Court, approved by Hon. F. A. Daniels, judge, holding courts in the Third Judicial District, directing a sale of the said timber, and finding as a fact that it was deteriorating in value, and that a sale of the same would materially promote and enhance the interests of all the parties, and in said proceeding G. E. Midyette was appointed commissioner and directed to sell said timber, rights, and privileges to the defendant in this action, the Lycoming Timber and Lumber Company, and the said company agreed with the said commissioner to purchase the same, and thereafter refused to take a deed from said commis-

sioner for the same and comply with its terms of purchase, assigning as its reason that the said commissioner could not make a good and indefeasible title. The said commissioner made report of said facts to the court in said proceeding, and recommended the sale of said timber, and asked the court leave to bring action against the defendant company to compel it to purchase the said timber according to its contract, and the clerk of the court made an order which was approved by the Hon. F. A. Daniels, judge, now and then holding the courts of the Third Judicial District, empowering the said commissioner to bring this action against the said defendant company to compel the specific performance of its contract; and thereupon the plaintiff, G. E. Midyette, commissioner, and the defendant company submitted this controversy without action upon an agreed statement of facts which appear in the record. And the Hon. F. A. Daniels, judge, rendered judgment requiring the defendant to accept the deed tendered it for said timber, and to pay for the same, holding that a good and indefeasible title could be conveyed it by said commissioner, and the defendant excepted and appealed to this Court."

From this, a correct and very satisfactory statement of the pertinent facts submitted in brief of plaintiff's counsel, it appears that the land upon which this timber is growing, and of which under our decisions it is a part, is affected by a contingency by reason of the devise in remainder to the children and grandchildren of Margaret Fitzhugh living at her death, and so coming directly under the provisions of our statute, C. S., 1744, authorizing a sale for purposes of reinvestment. *Poole v. Thompson,* 183 N. C., 588-597; *Thompson v. Humphreys,* 179 N. C., 44; *Dawson v. Wood,* 177 N. C., 158; *Pendleton v. Williams,* 175 N. C., 248; *Latham v. Lumber Co.,* 139 N. C., 9.

It further appears that the proceedings under the statute, C. S., 1744, are in all respects regular, and in conformity with requirements of the same, and the amendment thereto made at the recent session of 1923, same being House Bill 197, Senate Bill 75, ratified 9 February, 1923. And this being true, there is no valid reason presented against the due enforcement of the contract of purchase.

The only objection suggested by defendant is that there is no one made a party who has a vested interest in the property, but this was directly held otherwise in the case of *Poole v. Thompson, supra.*

We consider it proper to say further that we fail to note in the record that any bond was given or required of the commissioner for the preservation and proper application of the proceeds of the sale. Such a bond is expressly required by an amendment to the statute, Laws of 1919, ch. 259, and should in no case be omitted. It is held, however, in the decisions cited that the omission does not ordinarily affect the title of the purchaser, and the same can and should be now supplied by an amended or supplemental decree.

Speaking to several of the questions similar to those presented in the present appeal, the Court, in *Pool v. Thompson, supra,* quoted with approval from *Dawson v. Wood, supra,* and *McLean v. Caldwell,* 178 N. C., 424, as follows: "In proceedings under the statute (Pell's Revisal, sec. 1590; C. S., 1744) to sell lands held in remainder, upon contingencies rendering the remaindermen incapable of present ascertainment, etc., the necessary parties defendant are those of the remaindermen who, on the happening of the contingency, would have an estate in the property at the time of action commenced, and those remotely interested to be represented and protected by a guardian *ad litem,* as the statute provides."

"Pell's Revisal, sec. 1590; C. S., 1744, providing for the sale of land affected with certain contingent interests does not in its terms or purpose profess or undertake to destroy the interests of the contingent remaindermen in the property, but only contemplates and provides for a change of investment, subject to the use of a reasonable portion of the amount for the improvement of the remainder, properly safeguarded, with reasonable provision for protecting the interest of the unascertained or more remote remaindermen by guardian *ad litem,* etc., and is constitutional and valid."

"And in the opinion in *McLean v. Caldwell, supra,* the Court said: 'From a perusal of these cases, and the authorities cited therein, it will clearly appear: (1) That on the facts presented the court had full power to order a sale for reinvestment under the statute; (2) that the same can be effected by private negotiations, subject to the approval of the court, when it is properly made to appear that the best interest of the parties so require. This was the course pursued and directly approved in *Dawson's case, supra;* (3) that ordinarily, and on the facts of this record, the purchaser is not charged with duty of looking after the proper disposition of the purchase money, but when he has paid his bid into court, or to the parties authorized to receive it by the court's decree, he is 'quit of further obligation concerning it.' "

We find no error in the proceedings, and the judgment for plaintiff is
Affirmed.