J. L. DeLANEY AND F. R. McNINCH, COMMISSIONERS, v. DAVID CLARK.

(Filed 21 November, 1928.)

**1. Judges—Rights, Powers, and Duties—Order of Sale of Real Property for Reinvestment.**

The court has the power to order the private sale of lands affected with contingent interests under the provisions of C. S., 1744, under a proper finding that it would be to the best interests of all concerned, without submitting this issue to the jury, and where the proceedings are properly had and all parties are before the court, the objection is untenable that the sale was made under the decision of the court, and the parties had not agreed thereto.

**2. Same—Proceeds of Sale.**

Where the purchaser at a sale of lands for reinvestment pays his money into the court or to the person authorized by order of court to receive it, ordinarily he is not required to see to the proper application of the funds, its safety being taken care of by the court in its final decree.

APPEAL by defendant from *Townsend, Special Judge,* at October Term, 1928, of MECKLENBURG.

Civil action for specific performance.

Plaintiffs, commissioners appointed in a special proceeding pending in the Superior Court of Mecklenburg County, to make sale of certain lands for reinvestment, etc., as provided by C. S., 1744, offered same to the defendant, who agreed to purchase said lands, consisting of 63.65 acres, at and for the price of $750 per acre and to pay 20 per cent of the purchase price in cash, and the balance, with interest, payable semi-annually, in four equal annual installments, said deferred payments to be secured by first mortgage or deed of trust on said lands. The defendant's bid was accepted by the plaintiffs and reported to the court for confirmation. The sale was approved and plaintiffs ordered to execute and deliver deed to the defendant in compliance with his bid. The defendant is not willing to accept the deed and make payment unless he can be assured that a good and indefeasible fee-simple title to the property will be conveyed thereby. The parties, therefore, have submitted the question for determination on an agreed statement of the facts as authorized by C. S., 626, and stipulated that judgment should be entered for plaintiffs, or for the defendant, according to the view the court should take of the title offered.

Upon the facts appearing of record the court, being of opinion that the deed of the plaintiffs would convey a good and indefeasible title, rendered judgment for the plaintiffs, from which the defendant appeals, assigning errors.

DeLaney *v.* Clark.

*Preston & Ross for plaintiffs.*
*Walter Clark for defendant.*

Stacy, C. J.   The title to the land in question was before the Court in *Welch v. Gibson,* 193 N. C., 684, 138 S. E., 25, where it was held that Garnett Jones Welch took a life estate in the property, under her mother's will, with contingent remainders to her children, living at her death.

The special proceeding appears to be regular, with all parties before the court, but appellant questions the power of the court to order a sale under C. S., 1744, without a jury finding that such would be to the best interest of all concerned, where the parties themselves do not agree to a sale.

We have held in a number of cases that the court has full power to order a sale for reinvestment under C. S., 1744, where the facts, as here, bring the case within the purview of the statute. *McLean v. Caldwell,* 178 N. C., 424, 100 S. E., 888; *Dawson v. Wood,* 177 N. C., 158, 98 S. E., 459; *Pendleton v. Williams,* 175 N. C., 248, 95 S. E., 500; *Thompson v. Rospigliosi,* 162 N. C., 145, 77 S. E., 113.   See, also, *R. R. v. Parker,* 105 N. C., 246, 11 S. E., 328.

A private sale upon terms, when approved by the court, was sanctioned in *Dawson's case,* where it appeared that such was to the best interest of all concerned.   The court was warranted in following a similar course in the special proceeding now under consideration.   *McLean v. Caldwell, supra.*

Nor is the purchaser ordinarily chargeable with the duty of looking after the proper disposition of the purchase money.   When he has paid his bid into court, or to the parties authorized by the court's decree to receive it, he is ordinarily "quit of further obligation concerning it." *McLean v. Caldwell, supra; Dawson v. Wood, supra; Pendleton v. Williams, supra.*   In the special proceeding, presently under review, as was said in *Dawson's case,* proper safety of the fund can be taken care of in the final decree.

On the record, the judgment of the Superior Court is correct and will be upheld.

Affirmed.