IN THE MATTER OF NOLLIE NEILL AND NANCY NEILL, MINORS, BY THEIR GUARDIAN, J. B. NEILL, v. ELIZABETH E. BACH.

(Filed 3 February, 1950.)

**1. Judgments § 30—**

In an action to construe a will, adjudication that the renunciation of the life estate by the life tenant accelerated the vesting of the remainder is *res judicata,* and precludes a defendant in an action to compel acceptance of deed from the remaindermen from contending that the remainder had not vested.

**2. Wills §§ 33k, 34c—Acceleration of remainder to a class does not change date of calling of roll to determine members of the class.**

The will devised a life estate to testatrix' daughter for life, remainder to her children.  The life tenant renounced her life estate and it was adjudicated that the renunciation of the life estate accelerated the vesting of title in members of the class *in esse* at that time.  *Held:* The acceleration of the estate of the remaindermen does not change the date when the final roll call will be made to ascertain members of the class, and although members of the class *in esse* are not required to account for rents and profits pending the birth of other members of the class, after-born children must be let in, and the fee simple title to the land cannot be conveyed prior to the death of the life tenant except for reinvestment pursuant to judicial decree.  G.S. 41-11.

APPEAL by defendant from *Pless, J.,* at November Term, 1949, of RUTHERFORD.

This is a controversy without action submitted under G.S. 1-250, upon an agreed statement of facts, the pertinent parts of which are as follows:

1. E. N. Washburn, a resident of Rutherford County, North Carolina, died in March, 1935, leaving a holographic will in which he devised all his property, both real and personal, to his wife, Grace H. Washburn, her lifetime.  He made no disposition of the remainder.

2. E. N. Washburn left an estate of considerable value, and was survived by his widow, Grace H. Washburn, and eight children, all of whom were over 21 years of age at the time of his death.

3. Grace H. Washburn, widow of E. N. Washburn, and life tenant under his will, died in March, 1944, leaving a last will and testament. She was also survived by all eight of her children.

4. Lillian W. Neill is a daughter of the said E. N. Washburn and Grace H. Washburn, and is the wife of J. B. Neill; and J. B. Neill is the duly appointed, qualified and acting guardian for Nollie Neill, now about 17 years of age, and Nancy Neill, now about 11 years of age, and these two minors are the only children of the said J. B. Neill and Lillian W. Neill.

5. In Item Three of the will of Grace H. Washburn, she made the following devise: "I give, bequeath and devise the house and lot situated on West Main Street in Forest City, North Carolina, to my daughter, Lillian Washburn Neill, for the period of her natural life, with the remainder in fee to her children, with the provision that she shall not mortgage or encumber this property during her life. . . . My said daughter is to accept this home in lieu of any further interest in the estate of my husband, E. N. Washburn, or my estate, since this would be equal to her pro rata part of the estate, and I wish to have a home provided for her."

6. Subsequent to the death of Grace H. Washburn and during the administration of her estate, Lillian W. Neill refused to accept the life estate in the house and lot on West Main Street in Forest City, North Carolina, devised to her under Item Three of the will of Grace H. Washburn, and elected to take in lieu thereof one-eighth interest in the estate of her father, E. N. Washburn, deceased.

7. Thereafter, in 1945, an action was brought by the heirs at law of E. N. Washburn, under the Declaratory Judgment Act, for a construction of the will wherein Lillian W. Neill and her husband, J. B. Neill, and their two children were defendants. All other interested parties were parties plaintiff. The court held that Lillian W. Neill had the right to elect to take her one-eighth interest in her father's estate in lieu of the devise in her mother's will; and having rejected the life estate devised to her in the house and lot in Forest City, North Carolina, by the will of her mother, the life estate was terminated and Nollie Neill and Nancy Neill, minors, became the owners in fee simple of the said house and lot.

8. On or about 1 September, 1949, J. B. Neill, as guardian for Nollie Neill and Nancy Neill, minors, contracted, subject to the approval of the court, to sell to Elizabeth E. Bach, the house and lot devised to said minors by Grace H. Washburn, their grandmother, for the sum of $15,000.00 in cash, and the court approved the sale, and appointed J. B. Neill as guardian and commissioner to convey the property to the purchaser.

9. The defendant concedes the regularity of the proceeding, and that the said guardian and commissioner has tendered deed in proper form; but she declined to accept the deed, contending it does not convey the property in fee simple, for the reason that there is a possibility that other

children may be born to Lillian W. Neill, in which event they would have an interest in the property under the provisions of the will of Grace H. Washburn.

The court below held that the deed tendered by the plaintiffs to the defendant is sufficient in form and conveys a good fee simple title to the lands described therein, and directed the defendant to comply with the terms of her contract.

The defendant appeals, assigning error.

*J. S. Dockery for plaintiffs.*
*Jones & Davis for defendant.*

DENNY, J.  The appellant concedes that the principle of the acceleration of vested remainders has been recognized in this jurisdiction in several cases where the widow rejected the life estate devised to her with remainder to certain named beneficiaries.  *Cheshire v. Drewry,* 213 N.C. 450, 197 S.E. 1; *Young v. Harris,* 176 N.C. 631, 97 S.E. 609; *Baptist Female University v. Borden,* 132 N.C. 476, 44 S.E. 47; *Wilson v. Stafford,* 60 N.C. 646.

However, it is contended by appellant in her brief, that an estate in remainder should not be accelerated when the renunciation results in a substantial diminution of the remaining assets of an estate, as it manifestly did in this case; but that the life estate should be "sequestered to compensate those beneficiaries under the will whose shares are cut down by her election."  Simes, Future Interests, Vol. III, Sec. 761; 33 Am. Jur., p. 623.

While it does not appear from the record before us whether or not the above contention was raised in the action instituted in 1945, in which the court construed the will of Grace H. Washburn, and held that the estate of the remaindermen was accelerated by the renunciation of the life estate devised to Lillian W. Neill, that was certainly the proper action in which to raise it.  Consequently, the ruling of the court in that case on the question of acceleration is *res judicata.*

The sole question presented for decision on this appeal is whether or not, upon the rejection and renunciation of the life estate by Lillian W. Neill in the house and lot devised to her under Item Three of the will of Grace H. Washburn, the fee simple title to the property vested immediately in the remaindermen, who were *in esse* at that time, to the exclusion of any other members of the class of remaindermen who might be born thereafter.

We said in *Cheshire v. Drewry, supra:* "This doctrine of acceleration rests upon the theory that the enjoyment of the expectant estate is postponed for the benefit of the preceding vested estate or interest, and upon

the destruction of the preceding estate or interest before it regularly expired the ultimate taker came into the present enjoyment of the property. When a widow declines, by filing a dissent thereto, to take under the will, the decisions hold that the rights and interests of the parties must be considered and determined as if she had died." This is in accord with what was said in each of the above cited cases on the question of acceleration. However, it will be noted that in none of those cases was the remainder devised to a class whose membership was not ascertainable at the time of the acceleration of the remainder. Here the devise is to Lillian W. Neill "for the period of her natural life, with remainder in fee to her children." And as further evidence of the intent not to close the class before the death of her daughter, she stated her purpose in creating the life estate was to provide a home for her daughter. And while this intention to provide a home for her daughter for life did not affect the acceleration of the rmainder when Lillian W. Neill renounced the life estate devised to her, it does indicate an intent to give the remainder to her children as a class at the death of the life tenant. And in such cases, the weight of the authority, according to Simes, Future Interests, Vol. I, Sec. 61, and Vol. II, Sec. 379, is to the effect that children of a class born after the renunciation of a life estate and the acceleration of the remainder, will be let in during the life of the life tenant. Therefore, as held in the action instituted in 1945, to construe the will of Grace H. Washburn, the renunciation of the life estate accelerated the estate of the remaindermen and those members of the class *in esse* at that time, were entitled to the immediate possession of the devised premises. And such members are not required to account for rents and profits pending the birth of other members of the class. *Cole v. Cole,* 229 N.C. 757, 51 S.E. 2d 491. Even so, the class may not be closed until the possibility of afterborn children is extinct by the death of Lillian W. Neill. *Cole v. Cole, supra.*

Ordinarily all the members of a class can be ascertained at the time a particular estate teminates. *Bell v. Gillam,* 200 N.C. 411, 157 S.E. 60; *Trust Co. v. Stevenson,* 196 N.C. 29, 114 S.E. 370; *Lumber Co. v. Herrington,* 183 N.C. 85, 110 S.E. 656; *Cooley v. Lee,* 170 N.C. 18, 86 S.E. 720. But here the limitation over is to the children of Lillian W. Neill. The full roll of those who may come within the class cannot be ascertained prior to her death. Usually the termination of the prior estate and the death of the first taker coincide. Here, however, the life tenant has rejected her devise. In so doing she did not change the date when the final roll call will be made to ascertain the members of the class. This view is supported by the fact that if she had accepted the devise of the life estate, she and the guardian of her children could not convey an indefeasible fee simple title to the property, thereby cutting off the interest of unborn members of the class. *Thompson v. Humphrey,* 179

N.C. 44, 101 S.E. 738; *Deem v. Miller,* 303 Ill. 240, 135 N.E. 396, 25 A.L.R. 766. However, such title could be given pursuant to a judicial decree for reinvestment in which the interest of unborn members of the class would be protected. *DeLaney v. Clark,* 196 N.C. 282, 145 S.E. 398; *Lumber Co. v. Herrington, supra; Poole v. Thompson,* 183 N.C. 588, 112 S.E. 323; *McLean v. Caldwell,* 178 N.C. 424, 100 S.E. 888; *Dawson v. Wood,* 177 N.C. 158, 98 S.E. 459; *Pendleton v. Williams,* 175 N.C. 248, 95 S.E. 500; *Springs v. Scott,* 132 N.C. 548, 44 S.E. 116. But the guardian of the minor plaintiffs herein is not seeking a sale of the premises involved for reinvestment, as provided in G.S. 41-11, as amended by Chap. 811 of the 1949 Session Laws of North Carolina. However, such method of procedure is open to the parties if they choose to avail themselves of it.

For the reasons herein stated, the judgment below is
Reversed.