Battíé, J.
The will which is now submitted to us for construction, does not disclose much inherent difficulty in the ascertainment of its meaning. The doubts which are suggested in relation to it, have been raised principally by the act of the testator’s widow in dissenting from it. By that dissent she has become entitled to her dower of one-third of all the testa *248 tor’s real estate for her life, and to an. absolute-interest in one-third of all his personal property which may remain after the payment of all the debts and the charges of administration ; but her share “■ shall be allotted to her in such manner as to create as little derangement of'the-provisions of the will, as practicable.” (Rev. Stat. ch. 121, sec. 12; Rev. Code ch. 118, sec. 12).
Having premised these remarks, we proceed to state the construction which, in our opinion, must nq,w be placed upon the will. The dissent of the widow has removed her life-estate from all the property given to her by the will, and which she does not take independently of it, and the effect of it is to hasten the enjoyment of the life-estate- dfevised and bequeathed to the testator’s daughter. The estate thus given to the daughter, embraces all the slaves which may not be allotted to the widow; for though the girl Doucy Ann, and one-half of the ;girl Jane, are given to the testator’s grandson, Monroe Whittington, in terms which might otherwise import a present bequest, yet, to make it consistent with the first clause of the will, the bequest must be subject to the life-estate of the legatee’s mother. It is unnecessary to decide whether Mrs. Whittington takes the real estate for her life by implica-’ tion from the will, or by-descent, as being undisposed of by the devise. It is certain that she takes it the one way or the other; because the interest of her children in it is.expressly postponed until her death. The gold and silver watches are specific legacies, and must be delivered to the guardian of the legatees, to be kept for them. The testator, not having such articles on hand to make the legacies specific, could not have intended horses, bridles and saddles to be bought immediately for children from one to five years old; but the legatees to whom they are given, will be entitled to their value at the death of their mother, which will make their shares of the residue greater, by the value of such horses, &c., than those of the- other children, in the division at the death of their mother. The share of Monroe Whittington, in that division, will bo further increased by the girl, Doucy Ann, and her increase, and by half the value of the girl Jane.
*249 In allotting the widow’s share, sbe must have, as a part of it, half tbe value, of the girl, lane, and for the purposes of a division, the girl must be sold ■; and after the widow gets half the proceeds, the interest on the other half must be paid to the daughter for life, and then the principal will belong to Monroe.
As the property given to the daughter for her life, is expressed to be for her sole and separate use, she must have á trustee appointed to hold it for her, to whom it tvill be the duty of the administrator to deliver it. The daughter’s estate for life, in tli# real estate, whether acquired by descent or divise, is sufficiently secured to her by the Act of 1848, ch. 41. (Rev. Code, ch. 56, sec. 1).
The necessary accounts must be taken, and the cause will be retained for further directions upon the coming in of the report.
Pee Cu&iaM. Decree accordingly.