*49
 
 Battle, J.
 

 It is admitted by the parties to this controversy, that th'e dissent of the widow to the will of her husband, discharges the share of his estate, which she takes under the law, from the burden of maintaining and educating the infant defendant, Elizabeth Ellington. It is admitted further, that as the life-estate intended by the will for the widow, is removed out of the way as to all the property which has not been assigned to her, such property lias, or will, by the assent of .the executor, become vested in possession. It is admitted, also, that the children of William R. Walker, in the event which has happened, take the share of the estate given by the will to him, and the only question presented to us is, whether the charge for the support and education of Elizabeth Ellington, is confined to her share, or is imposed equally upon that given to Walker’s children. We have no hesitation in saying, that it is restricted to Elizabeth’s own share. This is manifest, from two or three provisions of the will.
 

 While the widow should live, the charge was imposed upon her life-estate, provided it yielded income enough for her support, in addition to what might be required for the maintenance and education of her niece. If the income were not sufficient for both purposes, then the executor was directed to sell; such property as his “ wife could spare with the least inconvenience.” But if his wido w should die before the marriage of Elizabeth, then the share which was given to her, was alone to be applied for her use. In other words, as soon as the estates given to the legatees in remainder should vest in possession, then each share was to bear its own burden. The same result which would have boon arrived at by the death of the widow, had she taken under the will, must, in our opinion, be brought about by her dissent.
 

 The executor is constituted a trustee for Elizabeth Ellington, but if it be desirable that her aunt, the defendant Mary A. Currie, be substituted in his place, we can see no objection ; provided she be a suitable person; as to which, there must be an enquiry, if the parties desire it.
 

 There must also be an enquiry as to the amount necessary
 
 *50
 
 for tbe “ comfortable and respectable maintenance and sup-, port of the said Elizabeth Ellington, and to the educating of her in a style and manner suitable to her sphere in life,” which must be raised out of her share of the testator’s estate. This will embrace wdiat is necessary for her board, clothing and other usual incidental expenses, as well as tuition, while at school;
 
 Lindsay
 
 v. Hogg, 6 Ire. Eq. Rep. 3.
 

 There must also be a reference for taking all necessary accounts appertaining to the plaintiff’s administration ; and the cause will be retained for further directions.
 

 Pee CuRiAM. Decree accordingly.