The main, if not the only, difficulty in the will which is now presented to us for construction has arisen from the dissent of the widow from it. The whole scope of the will prior to the tenth item, in providing for the testator's family, is manifestly framed upon the supposition of the continued existence of his wife as a widow. He foresaw that her death or marriage would entirely derange his (649) plans, and he therefore declares, in the tenth item, that should she die or marry, his desire was that all of his money, and all of his property of every kind, should either be sold or divided, as might be agreed upon by his children, each taking an equal share.
There was another event which might happen, and which if it did occur would as effectually break up his family arrangement as either of the other two, but which he seems not to have anticipated, and therefore made no provision against it. This was the dissent of the widow and her claiming her share of the property as if he had died intestate. The effect of this upon the disposition made for his children in the will must, after the assignment of her dower and the giving her an equal part with the children, of the personal estate, be the same as if she had died or married. The executors must, therefore, proceed to dispose of the property as directed by the tenth clause of the will. The administrator and administratrix of the children who have died since the death of their father will be entitled to their respective shares of the personal estate. The case of Adams v.Gillespie, 55 N.C. 244, shows that where there is the legacy of a slave to a wife for life, with remainder, the dissent of the widow will hasten the vesting in possession of the remainder.
The plaintiff may have a decree in accordance with this opinion.
NOTE. — The decree declares that "upon the dissent of Cornelia S. Stafford, the widow of the testator, the personal estate in the hands of the plaintiff as executor became subject to distribution among the widow and next of kin of the testator, as if he had died intestate." And it is adjudged and decreed that "the plaintiff pay her one-ninth part of said estate remaining after *Page 428 
paying the debts of the testator and the costs and charges of administration, to be held by her in her own right, and one other ninth part to be held by her as administratrix," etc. And the cause is retained with liberty to any of the parties to apply for further direction therein. — Reporter.
Cited: Baptist University v. Borden, 132 N.C. 485, 506.
(650)