### H. J. SINK v. MAHALEY SINK.

(Filed 14 April, 1909.)

1. Wills—Devises—Estates for Life—"During Widowhood."

A devise by one of lands to his wife "during her widowhood" is an estate for life, subject to be divested if she should remarry, and subjects her to an action for damages for waste and an injunction against its further commission.

2. Same—Residuary Legatee.

A direction in a will that certain real and personal property be sold to pay the testator's debts and certain legacies which were provided for, and if any surplus remained it should go to the widow, does not constitute her the general residuary legatee, so as to vest the remainder of the estate in her in fee, when she takes by devise whatever may remain during the term of her widowhood.

ACTION tried before *Jones, J.,* and a jury, at February Term, 1909, of DAVIDSON.

Plaintiff appealed.

SINK *v.* SINK.

*Walser & Walser* for plaintiffs.
*E. E. Raper* for defendants.

WALKER, J.   This action was brought to recover damages for waste, alleged to have been committed by the defendants on the land described in the complaint, and for an injunction against the further commission of waste.   The court virtually intimated that the plaintiffs could not recover, as under the will of William A. Sink his widow acquired a fee-simple estate and not merely an estate for life.   The plaintiffs excepted to the ruling, submitted to a nonsuit and appealed.

The decision of the case must turn upon the construction of the eleventh item of the will, which is as follows: "I give and bequeath to my beloved wife, Mahaley, the remainder of my land, after selling off, as directed in the tenth item, whatever there may be remaining, to have and to hold to her own proper use and behoof, to embrace my mansion house and other outhouses and improvements of the land I now live on, during the term of her widowhood, and after her marriage to be equally divided between my brother and sisters or their legal representatives, share and share alike."   W. A. Sink died without having had any children, leaving as his heirs at law a brother and sisters.   In his will he directed that certain land and other property be sold to pay his debts and the legacies given in the will, and that if, after paying the same, any surplus remained, it should go to his widow, Mahaley Sink.

We are of opinion that the estate in the land devised to the widow could not endure beyond her life.   Blackstone says that if an estate be granted to a woman during her widowhood, or to a man until he be promoted to a benefice, in these and similar cases, whenever the contingency happens, when the widow marries, or when the grantee obtains a benefice, the respective estates are absolutely determined and gone.   Yet, while they subsist they are reckoned estates for life, because, the time for which they will endure being uncertain, they may by possibility last for life if the contingencies upon which they are to determine do not sooner happen.   2 Blk., 121.   In *Fuller v. Wilber,* 170 Mass., 506, the devise was as follows: "I give and bequeath to my beloved wife all my real and personal estate, of whatever

name, for her sole use and benefit, so long as she remains my widow, except the legacies to· my children." With reference to this devise, the Court, by *Morton, J.,* said: "The first question in these cases is, what interest did the widow of Elijah Wilber take under her husband's will? There is some ground, perhaps, for saying that, with the exception of the legacies to the children, she took the entire estate absolutely and in fee, subject to be divested of it if she married again; but we think that the better construction, and the one which is according to the weight of authority, here and elsewhere, is that she took a life estate determinable on the happening of that event. *Knight v. Mahoney,* 152 Mass., 523; *Loring,* 100 Mass., 340; *Dole v. Johnson,* 3 Allen, 364; *Mansfield v. Mansfield,* 75 Me., 509, 512; *Nash v. Simpson,* 78 Me., 142, 147; *Evans' appeal,* 51 Conn., 435; *Cooper v. Pogue,* 92 Pa. St., 254, 257; 4 Kent Com., 26, 27; 2 Bl. Com., 121; 1 Washb. Real Prop. (5th Ed.), 63. The words, 'so long as she remains my widow,' imply a continuance of the estate during widowhood, and no longer; and, at most, it could not extend beyond her life." In *Kratz v. Kratz,* 189 Ill., 276, the devise was to the wife, during her widowhood, of the real and personal estate, "absolutely and unconditionally," and the court held that her interest was limited to the period of her widowhood—that is, during her life or until she remarried. See, also, *Batterton v. Yoakum,* 17 Ill., 288.

This Court decided, in the case of *In re Brooks' will,* 125 N. C., 136, that where a testator devised all his property to his wife, during her widowhood, with the condition that "should she remarry, then the law is my will," gave the widow no more than a life estate, as her death terminated her widowhood and therefore her interest in the property.

We have carefully examined the whole will, and can find nothing therein to change the settled meaning of the words used by the testator in devising certain land to his widow. There is no general residuary clause in the will. The direction to pay the surplus of any money arising ·from the sale of some of his real and personal property did not constitute her his general residuary devisee, so as to vest the remainder after her life estate in her. There are some expressions indicating a contrary purpose—that is, an intention that it should go to his heirs.

The cases cited by the defendants' counsel *(Foust v. Ireland,* 46 N. C., 184, and *McKrow v. Painter,* 89 N. C., 437) are not in point, as they were decided upon a construction of language quite different from that contained in the will now under consideration. In this will the devise to the widow is "during her widowhood," and hence is no more and no less than a devise for life. It is not, in contemplation of law, less than a devise for life, because it may at her pleasure endure for life. It is plainly an express limitation of the estate to her for life, subject to be divested in favor of the persons designated in the will as the ulterior devisees, if she should remarry. *Rausch v. Rausch,* 31 N. Y. Suppl., 786; *Dubois v. Van Valen,* 61 N. J. Eq., 331; *Patton v. Church,* 168 Pa. St., 321; 30 Am. and Eng. Enc. of Law (2d Ed.), 748.

There was error in the ruling of the court. The nonsuit will therefore be set aside.

Error.