JOSEPH B. CHESHIRE AND CARROLL WEATHERS, TRUSTEES UNDER THE WILL OF JOHN C. DREWRY, SR., DECEASED, v. MARY HARDY DREWRY, MARY HOLT DREWRY, JOHN C. DREWRY, JR., MARY HARDY DREWRY, ADMINISTRATRIX C. T. A. OF JOHN C. DREWRY, DECEASED, JAMES G. HANES, JR., MATTIE A. MANGUM, ET AL.

(Filed 4 May, 1938.)

**1. Wills § 33c—**

Upon the destruction of the preceding estate before it regularly expires, as where a widow to whom is devised a life estate dissents from the will, the ultimate takers come into the present enjoyment of the property as though the life tenant had died.

CHESHIRE *v.* DREWRY.

**2. Same—Where widow, having life estate, dissents from will, remainder-man is entitled to immediate enjoyment subject to dower.**

Testator devised a life interest in certain property to his wife, and directed that at her death his trustees should convey the property to his son if he was then living, or if his son predeceased his wife or died without issue him surviving, the property to be divided among testator's heirs. The widow dissented from the will, and the property was set aside as her dower. *Held:* Upon the dissent of the widow, the son was entitled to a conveyance of the property by the trustees subject to the widow's dower under the doctrine of acceleration, and upon the son's death during the lifetime of the widow, his sole devisee and legatee is entitled to the conveyance of the fee in the property subject to the dower estate, and this notwithstanding that all other property devised for the benefit of the son was left to him either for life with remainder to his children or in trust for him until he should attain the age of 35, with provision for distribu- . tion to his children if he should die before attaining that age.

**3. Wills § 33b—Rule in Shelley's case does not apply when will provides that heirs should "share and share alike" in remainder.**

The will in question devised certain lands to testator's son for life "and then to be divided equally among his male heirs, they to share and share alike." *Held:* Even if it be conceded that the words "male heirs" should be construed "heirs" under the provisions of C. S., 1734, the addition of the words "share and share alike" prevents the application of the rule in *Shelley's case*, and upon the death of the son, his sole male heir takes the fee in the property by purchase under the will.

**4. Trusts § 11: Wills § 33c—The law favors the early vesting of estates.**

The will in question set up a residue trust in favor of testator's wife and son, with provision that the trusts should continue until both of the trusts were terminated. The trust in favor of the widow was terminated by her dissent from the will. The trust in favor of the son provided that the property should not vest in fee "or pass any title to him or his heirs until he attains the age of 35 years or dies before that time, leaving issue surviving him." The son died before attaining the age of 35, leaving issue him surviving. *Held:* The trust estate terminated upon the death of the son and the property vested in his children at that time, and the contention that the trust should continue until the son would have attained the age of 35 had he lived, is untenable, there being no expressed intention of the testator that the trust should continue after the death of his son.

**5. Wills § 34—**

The will in question, construed as a whole, *is held* to devise one-third of the residuary estate in trust for testator's grandson until he reaches the age of 35, to be delivered to him if he should be living at that age.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by the defendants Mary Hardy Drewry and Mary Hardy Drewry, administratrix *c. t. a.* of John C. Drewry, deceased, A. L. Purrington, Jr., guardian *ad litem* of Mary Holt Drewry and John C. Drewry, Jr., and James G. Hanes, Jr., from *Sinclair, J.,* at January Term, 1938, of WAKE. Affirmed.

*Paul F. Smith* for plaintiffs.

*Manning & Manning* for Mary Hardy Drewry, and Mary Hardy Drewry, administratrix c. t. a. of John C. Drewry, deceased.

*A. L. Purrington, Jr.,* guardian ad litem of Mary Holt Drewry and John C. Drewry, Jr., in propria persona.

*W. T. Joyner* for James G. Hanes, Jr.

SCHENCK, J. This is an action instituted by the plaintiffs, as substituted trustees under the will of John C. Drewry, Sr., wherein they pray "That because of the death of John C. Drewry before he had attained the age of 35 years the plaintiffs are uncertain of their duties as trustees under the said will and of the proper distribution of the assets of the trusts of which they are trustees if the same, or any part thereof, are now distributable, and they therefore pray the court for the construction of said will and an adjudication of the true meaning thereof, and particularly for the advice and instruction of the court upon the following questions: (a) What duty, if any, have the trustees with respect to the 'Times Building' referred to in Item III of the will? (b) Has the $30,000 trust in favor of John C. Drewry now terminated? And (1) if so, to whom is the fund payable; (2) if not, to whom is the income payable, and for how long a time? (c) Has the residue trust terminated? And (1) if so, to whom is the fund payable; (2) if not, to whom is the income payable, and for how long a time? (d) Has the residue trust terminated in part only? And (1) if so, what part has terminated and to whom is that part payable; (2) what part has not terminated and to whom is the income therefrom payable, and for how long a time? (e) What provision should be made to provide the monthly payment of $15.00 per month to Mattie A. Mangum? (f) Upon dissent from the will of John C. Drewry, Sr., by Kittie Holt Drewry, did the $60,000 trust in her favor become a part of the residue trust? (g) To whom is the income from the residue trust fund and the $30,000 insurance trust fund, received or accrued at the time of the death of John C. Drewry, now payable?"

John C. Drewry, Sr., died 2 October, 1916, leaving surviving him his widow, Kittie Holt Drewry, his son, John C. Drewry, and grandson, James G. Hanes, Jr.

John C. Drewry married Mary Hardy and died on 12 September, 1937, twelve days prior to the 34th anniversary of his birth, leaving surviving him his widow Mary Hardy Drewry and two children, Mary Holt Drewry and John C. Drewry, Jr., aged about 12 and 5 years, respectively.

James G. Hanes, Jr., is now just past 21 years of age, and is unmarried.

Mrs. Kittie Holt Drewry, widow of John C. Drewry, Sr., dissented from the will of her husband and has been allotted her dower in his real estate and has received her distributive share of his personal property, the building and storehouse on Hargett Street, between Fayetteville and Wilmington streets, in the city of Raleigh, known as the "Times Building" (mentioned in Item III of the will of John C. Drewry, Sr.), having been allotted as her dower.

John C. Drewry left a will wherein he devised and bequeathed all of his real and personal property to his wife, Mary Hardy Drewry, and, upon failure of the executors therein named to qualify, his widow, Mary Hardy Drewry, was duly appointed and qualified as his administratrix c. t. a.

A. L. Purrington, Jr., was duly appointed guardian ad litem of Mary Holt Drewry and John C. Drewry, Jr., infant children of John C. Drewry.

John H. Duncan was duly appointed guardian ad litem of the unborn children of James G. Hanes, Jr.

The provisions for specific legacies made in the will of John C. Drewry, Sr., have been carried out, and the trusts therein provided have been set up and have been functioning since the death of the testator, with the exception of the trust for the benefit of the widow, Mrs. Kittie Holt Drewry.

The portions of the will of John C. Drewry, Sr., germane to this action are as follows:

"Item III. I give, bequeath and devise to my wife, Kittie Holt Drewry, for and during her lifetime, the net income from my building and storehouse in the city of Raleigh, situated on the south side of Hargett Street, between Fayetteville and Wilmington streets, Raleigh, N. C., known as the Times Building, and direct my Trustee to pay the same to her quarterly. After her death, I direct my Trustee to convey this property to my son, John C. Drewry, Jr., if he be then alive. If he predeceased my wife, or dies without issue surviving, then I direct that this property be divided among my heirs at law. . . .

"Item IV. I give and bequeath to my son John C. Drewry, 'now junior,' who has been a good boy all of his life and who has been a great joy to us, all and every one of my several tracts of land lying and being situate in House Creek Township, Wake County, free of debt—if any mortgage is on the farm at my death, I want it paid off out of my estate—to have and to hold during his lifetime, and then to be divided equally among his male heirs, they to share and share alike. These tracts or parcels of land consist of the one purchased from Miss Rebecca Rogers and others, and contains 125 acres, more or less. Also the tract purchased from Ed Rogers and wife, containing 56 acres, more or less, and two purchased from Allan Rogers and wife, one containing 11 acres,

and the others 19 acres, more or less. Also the land purchased from John Moore and wife, fronting on the Raleigh and Oxford Road, containing 45 acres, more or less, and the adjoining tract purchased from James Shaw, containing 30 acres, more or less. Also the tract purchased by R. S. Rogers and myself from J. C. Freeman, and afterwards purchased by me from R. S. Rogers and wife, and containing 68 acres, more or less. Also the tract purchased at the Commissioner's sale from one of the heirs of Burke Rogers, containing 26 acres, more or less. All of these tracts together containing about 400 acres. It is my desire that my son, John C. Drewry, Jr., shall keep this land during his lifetime, and then divide it equally among his male heirs if he has any, as I want this property to remain in the family, and be known as Drewry Hill Farm. If he has no male heirs, then I desire that it shall be divided equally among the female heirs. Should the said John C. Drewry, Jr., die without issue or without any children then living, the property herein given shall revert to my estate and it or its proceeds become a part of the general trust fund hereinafter provided for.

"Item VI. I give, devise and bequeath to my executor, the Raleigh Savings Bank & Trust Company, whom I hereby constitute and appoint trustee for that purpose, the sum of $120,000.00 for the uses and purposes set out in Paragraphs VII, VIII and IX, and upon the terms and conditions as follows:

"Said trustee shall hold and manage all of said property or the investments into which it may be converted, and receive any income from it, and out of said income to pay the cost and expenses of executing the trust, including any tax or assessment against the trust estate, and pay the net income to the beneficiaries as herein set out.

"Said trustee shall set apart out of the funds and securities in their hands the three separate trusts named in Items 7, 8, and 9.

"Said trustee shall have the right, whenever it sees fit to do so, in its discretion, to change any of the investments of my estate, whether made by me or it, and for that purpose may sell any real estate, stocks or securities or other property, at private or public sale without being required to get an order of court for that purpose. Said trustee shall have the right to convey the property so sold, and to receive the proceeds of sale and reinvest the same, such proceeds of sale and reinvestment to stand in the place of the property so disposed of, and to be held on the same trust as such property so sold and conveyed.

"It is my intention and purpose in constituting the executor of my estate as trustee for my wife Kittie Holt Drewry, my son John C. Drewry, Jr., and my grandson James G. Hanes, Jr., both separately and each one of the three, and afterwards, so far as the residue of my estate is concerned, collectively for the first two of them, and the survivor, that of the trust so created they shall only receive from the trustee

the net income of such trust, and that the legal and managing title shall at all times be in the trustee, and that their interest shall be only a beneficial one, to receive from the trustee the net income, and that they shall not receive or be entitled to the control, management or custody of these trust funds so created.

"After the payment and delivery of the specific devises and bequests, the trustee shall hold the remainder and residue of my estate for the uses and trusts herein set forth, for the benefit of my wife, Kittie Holt Drewry, and my son John C. Drewry, Jr., and the said trustee shall hold, manage and control the ownership of any such trust estate until the time for the termination of the same as set forth in Item XIII.

"The net income from any moneys, property or investments held by my estate which is not designated specifically, shall be divided equally between my wife, Kittie Holt Drewry, and my son, John C. Drewry, Jr., during their life or lives.

"In the event of the trustee hereinafter named declining or failing to act, then a successor trustee shall be appointed by the clerk of the Superior Court of Wake County in the manner prescribed by law for appointing successor trustees, it being my intention and purpose for the trustee at all times to hold the legal title, manage, control and direct this property, and after paying the expenses of the same to pay only the income to the beneficiaries under such trust.

"Item VII. It is my desire and I direct that the sum of $60,000.00 be set aside by my trustee or trustees, and invested by them for the benefit of my wife, Kittie Holt Drewry, during her entire lifetime, and the income from such amount to be paid over to her quarterly for her maintenance and support. Upon her death the sum of $60,000.00 shall become a part of the General Trust Fund of my estate, and be held and invested by said trustee, or trustees, until the final winding up of the same.

"Item VIII. It is my desire, and I so direct, that my trustee or trustees, herein named, shall set aside for the benefit of my grandson, James G. Hanes, Jr., the sum of $30,000.00, which amount shall be held in trust and invested by my trustee or trustees, and the income from such amount be paid over to him, or his guardian quarterly for his maintenance and support.

"When he attains the age of 35 years, this trust shall terminate and cease and the property so held in trust shall be conveyed by the trustee to him.

"If my grandson James G. Hanes, Jr., does not arrive at the age of 35 years or dies before attaining that age, leaving no issue, then I will and direct that his interest and share in this trust fund shall cease and terminate, and it shall revert to and become a part of the residue of my estate and be divided as directed in that section of my will dividing such residue of my estate.

"Item IX. It is my desire, and I do direct that the Raleigh Savings Bank & Trust Company shall hold the $30,000.00 life insurance payable to them for the benefit of my son, John C. Drewry, Jr., which amount shall be held in trust and invested by my said trustee or trustees, and the income therefrom shall be paid to him or his guardian quarterly.

"Item X. Should either my son, John C. Drewry, Jr., or my grandson, James G. Hanes, Jr., die before the final winding up of my estate, leaving surviving him a child or children, the income from such sum as shall have been provided for them, or either of them, and its accumulations, shall be used by said trustee or trustees, for such child or children, as is hereinbefore directed to be used for its or their parent. Should said John C. Drewry, Jr., or James G. Hanes, Jr., die before the final winding up of my estate, without leaving surviving heir or heirs born to them, then the said sum of $30,000.00 set aside for his benefit, and its accumulations, if any, shall become a part of the general fund of my estate, and be held by said trustee or trustees, as other property is held by them, until the final winding up of my estate. It is my desire and my executor or trustee is directed that the property herein given to my wife, son and grandson in Items II, III and IV, and the amounts set apart for their use and benefit in Items VII, VIII and IX in this will shall have precedence over all other gifts, bequests and trusts, whatsoever, and they shall be put in possession of such property or the same shall be set aside for their use and benefit before any other gifts, bequests or trusts shall be considered.

"Item XI. I give and bequeath to the Grand Lodge of North Carolina, Ancient, Free and Accepted Masons, the sum of $10,000.00 in trust, to be set aside by the Grand Lodge and known as the Drewry Memorial Grand Secretary's Fund. . . .

"Item XII. I direct that my trustee, or trustees, shall pay out of the proceeds coming into their hands from my general estate to my sister-in-law, Mattie A. Mangum, the sum of $15.00 each month during her natural life.

"Item XIII. It is my will and desire, and I do direct that the trusts herein created, except that of the Drewry Memorial Grand Secretary's Fund, shall remain in full force and effect as follows: (A) That of my wife, Kittie Holt Drewry, until her death; (B) That for John C. Drewry, Jr., until he reaches the age of 35 years; (C) That for James G. Hanes, Jr.. until he reaches the age of 35 years; (D) The residue trust fund shall be kept alive until the two particular trust funds for Mrs. Kittie Holt Drewry and John C. Drewry, Jr., have each terminated.

"Item XX. It is my will and desire that all property undisposed of under this will and remaining in the hands of my trustee or trustees when said residue shall terminate, shall be divided into three equal parts,

CHESHIRE v. DREWRY.

two parts to go to my son, John C. Drewry, Jr., and one part to go to my grandson, James G. Hanes, Jr., their children to inherit their parents' share, if such parent be dead prior to that time. This devise in fee shall not take effect as to John C. Drewry, Jr., or pass any title in fee to him or his heirs until he attains the age of 35 years or dies before that time, leaving issue surviving him. Similarly the devise to my grandson James G. Hanes, Jr., and shall not take effect or pass any title in fee to him or his heirs until he arrives at the age of 35 years, or leaves issue surviving him, should he die before attaining that age.

"Should both John C. Drewry, Jr., and James G. Hanes, Jr., die without leaving issue, it is my will and desire and I hereby give and bequeath to the Board of Trustees of the Drewry Memorial Grand Secretary's Fund, the additional sum of $40,000.00, to augment the fund and be used for similar purposes as the gift theretofore made to them.

"The remainder of my estate, which shall then remain, shall be divided among my heirs at law, according to law.

"Item XXII. I hereby nominate, constitute and appoint as my executor and trustee to take charge of my property and manage my estate and pay over the specific legacies herein disposed of, and to invest and control the funds herein conveyed to them in trust, and to in all respects carry out the intents and purposes of this my last will and testament, the Raleigh Savings Bank & Trust Company of Raleigh."

His Honor entered judgment as follows: "This cause coming on to be heard before his Honor, N. A. Sinclair, Judge presiding over the January, 1938, Term of the Superior Court of Wake County, upon the complaint of the plaintiffs, the cross complaint and answer of Mary Hardy Drewry individually and as administratrix *c. t. a.* of John C. Drewry, deceased, and the answers of A. L. Purrington, Jr., guardian *ad litem* of Mary Holt Drewry and John C. Drewry, Jr., minors, James G. Hanes, Jr., and John H. Duncan, guardian *ad litem* of the unborn children of James G. Hanes, Jr., and the court having heard at length the arguments of Manning & Manning, attorneys for Mary Hardy Drewry, individually and as administratrix *c. t. a.* of John C. Drewry, deceased, W. T. Joyner, attorney for James G. Hanes, Jr., and A. L. Purrington, Jr., and John N. Duncan, guardians *ad litem,* who themselves presented arguments in favor of their wards:

"It is now therefore ordered, adjudged, and decreed:

"(a) That it is the duty of Joseph B. Cheshire and Carroll Weathers, trustees under the will of John C. Drewry, and they are hereby directed to convey the 'Times Building,' referred to in Item III of the will, to Mary Hardy Drewry individually as devised under the will of John C. Drewry, deceased, subject to the dower of Kittie Holt Drewry.

"(b) That the $30,000.00 trust fund in favor of John C. Drewry, deceased, is now terminated and the principal amount thereof, with any

accumulations, is payable to the guardian of Mary Holt Drewry and John C. Drewry, Jr., each of whom is entitled to one-half thereof.

"(c) That the residue trust has now terminated and said trustees are directed to divide the same in three equal parts, one part whereof shall be held by said trustees for the benefit of James G. Hanes, Jr., who is entitled to the income therefrom until he reaches the age of 35 years, and at that time, if he be living, to the principal thereof, and two-thirds of said residue trust shall be payable to the guardian of Mary Holt Drewry and John C. Drewry, Jr., each of whom shall be entitled to an equal share thereof. The trustees are directed to divide the securities comprising the residue trust in kind, so far as that be possible, and to sell such part of such securities as cannot be divided and to distribute the cash proceeds thereof to the parties entitled thereto. If the said James G. Hanes, Jr., should die before reaching the age of 35 years with issue surviving him the principal sum of his share of the residue trust fund shall be payable to such issue. If said James G. Hanes, Jr., should die before reaching the age of 35 years without issue surviving him the principal sum of his share of the residue trust fund shall be paid to the guardian or guardians of Mary Holt Drewry and John C. Drewry, Jr., or to them if they be then of age.

"(d) The trustees shall reserve from the share of James G. Hanes, Jr., in the residue trust fund the sum of $3,000.00, face value, of North Carolina Bonds to provide one-third of the monthly payment of $15.00 per month payable to Mattie A. Mangum and shall likewise reserve from the shares of Mary Holt Drewry and John C. Drewry, Jr., in the residue trust the sum of $6,000.00, face value, of North Carolina Bonds to provide two-thirds of the monthly payment of $15.00 per month payable to Mattie A. Mangum. The amount of income received from the $3,000.00 of bonds reserved from the share of James G. Hanes, Jr., in excess of $5.00 per month shall be paid to the trustees of James G. Hanes, Jr., and the amount of income from the $6,000.00 of bonds reserved from the shares of Mary Holt Drewry and John C. Drewry, Jr., in excess of $10.00 per month shall be paid to the guardian of Mary Holt Drewry and John C. Drewry, Jr. The said trustees are authorized, empowered and directed to encroach on the principal of said bonds, ratably, if that should be necessary to provide the $15.00 per month to be paid to Mattie A. Mangum during her life. Upon the death of Mattie A. Mangum, the $3,000.00 of bonds withheld from the share of James G. Hanes, Jr., in the residue trust shall be delivered to the trustees of James G. Hanes, Jr., or to him if he shall then have reached the age of 35 years and, in the event of his death before reaching said age, to those entitled to his share of the residue trust as set out in section (c) above, and the $6,000.00 of bonds withheld from the shares of Mary Holt Drewry and John C. Drewry, Jr., in the residue trust, or so much thereof

as may then remain, shall be delivered to the guardian of Mary Holt Drewry and John C. Drewry, Jr., or to Mary Holt Drewry and John C. Drewry, Jr., if they shall have attained the age of 21 years. The right is reserved for the trustees to require such contributions from the guardian of Mary Holt Drewry, and John C. Drewry, Jr., and from the trustees of James G. Hanes, Jr., from the funds coming into their hands pursuant to this judgment and under the terms of the will of John C. Drewry, Sr., to provide the monthly payment of $15.00 per month to Mattie A. Mangum should the income from the bonds reserved by the trustees pursuant to this judgment or the principal thereof be insufficient, for any reason, to provide said monthly payments to the said Mattie A. Mangum.

"(e) That upon the dissent of Kittie Holt Drewry from the will of John C. Drewry the $60,000.00 trust in her favor became a part of the residue trust.

"(f) That all income from the residue trust fund and the $30,000.00 insurance trust fund payable to John C. Drewry, received or accrued at the time of the death of John C. Drewry, became the property of Mary Hardy Drewry, administratrix c. t. a. of John C. Drewry, deceased, and is now payable to her, and the income from the residue trust received since the death of John C. Drewry on 12 September, 1937, shall be paid one-third to the trustees of James G. Hanes, Jr., and two-thirds to the guardian of Mary Holt Drewry and John C. Drewry, Jr.

"(g) That upon the death of John C. Drewry the title to the Drewry Hill Farm, referred to in Item Four of the will of John C. Drewry, Sr., vested in John C. Drewry, Jr., son of John C. Drewry, deceased (the grandson of the testator), in fee simple.

"It is further considered, ordered and adjudged by the court that the orders heretofore made in this cause directing the payment of moneys to Mary Hardy Drewry, guardian of Mary Holt Drewry and John C. Drewry, Jr., for their maintenance and support pending the termination of this action, be and the same are hereby approved and confirmed by the court.

"The costs of this action shall be paid by the plaintiffs from the funds in their hands as trustees of the residue trust."

A. L. Purrington, guardian ad litem of Mary Hardy Drewry and John C. Drewry, Jr., and James G. Hanes, Jr., assign as error, paragraph (a) of the judgment directing the plaintiffs, trustees, to convey the "Times Building" referred to in Item III of the will of John C. Drewry, Sr., to Mary Hardy Drewry, individually, subject to the dower of Kittie Holt Drewry. This assignment of error cannot be sustained.

When Mrs. Kittie Holt Drewry dissented from the will of her husband, John C. Drewry, Sr., the enjoyment of the expectant interest devised in the real estate mentioned in Item III of said will to John C. Drewry,

Jr., was accelerated and he was entitled, under the will, to have had said real estate conveyed to him by the trustees upon the filing of the dissent, and the fee passed to Mary Hardy Drewry by his will. This doctrine of acceleration rests upon the theory that the enjoyment of the expectant estate is postponed for the benefit of the preceding vested estate or interest, and upon the destruction of the preceding estate or interest before it regularly expired the ultimate taker came into the present enjoyment of the property. When a widow declines, by filing a dissent thereto, to take under the will, the decisions hold that the rights and interests of the parties must be considered and determined as if she had died. *Young v. Harris,* 176 N. C., 631.

In *Wilson v. Stafford,* 60 N. C., 646, wherein property was given by will to the wife of the testator so long as she remained his widow, with remainder over to his children, and the widow dissented to the will, it is said : "This was the dissent of the widow and her claiming her share of the property as if he (her husband) had died intestate. The effect of this upon the disposition made for his children in the will must, after the assignment of her dower and the giving her an equal part with the children of the personal estate, be the same as if she had died or married."

In *University v. Borden,* 132 N. C., 477, wherein real estate was devised to the wife of the testator for life with remainder over, and the widow dissented, this Court said : "Mrs. Faircloth (the widow) having dissented from the will and claimed her dower in the realty and her distributive share in the personalty, we are of the opinion that there was an acceleration of the devises, the enjoyment of which under the will was postponed to the time of her death. The will, in so far as provision was therein made for her, operates in the same manner, as to the time of enjoyment by those entitled after her death, as if she had died prior to her husband."

Mary Hardy Drewry assigns as error paragraph (g) of the judgment to the effect that upon the death of John C. Drewry, on 12 September, 1937, the title of the Drewry Hill Farm referred to in Item IV of the will of John C. Drewry, Sr., vested in fee simple in John C. Drewry, Jr., son of John C. Drewry and grandson of the testator, and the failure of the court to hold that the fee in said farm vested in her as the sole beneficiary under the will of John C. Drewry. This assignment of error cannot be sustained.

It is the contention of Mary Hardy Drewry that Item IV of the will of John C. Drewry, Sr., created a fee tail male in her husband, John C. Drewry, which was converted by C. S., 1734, into a fee simple title to the real estate therein described, and that title thereto passed to her under her husband's will. Even if it be conceded that the words "male heirs" should, under the statute, be read "heirs," still the rule in

*Shelley's case* would not operate to create a fee simple title in John C. Drewry to whom the land is given "to hold during his lifetime," by reason of the superadded words "they (the male heirs) to share and share alike" in the ultimate limitation after the preceding estate. The second syllabus of *Mills v. Thorne,* 95 N. C., 362, which properly interprets the opinion, is as follows: "In this State, when an estate is settled on the ancestor, with remainder to his heirs, 'equally to be divided among them,' or 'share and share alike,' the addition of these words prevents the application of the rule in *Shelley's case,* and the heirs take as purchasers." See, also, *Ward v. Jones,* 40 N. C., 400; *Gilmore v. Sellars,* 145 N. C., 283; *Haar v. Schloss,* 169 N. C., 228; *Welch v. Gibson,* 193 N. C., 684.

A. L. Purrington, guardian *ad litem* of Mary Holt Drewry and John C. Drewry, Jr., assigns as error that portion of paragraph (c) of the judgment wherein the court holds that the residue trust has terminated. This assignment of error cannot be sustained.

The termination of the residue trust is determined by Item XIII of the will of John C. Drewry, Sr., wherein the following language is found "the residue trust fund shall be kept alive until the two particular trust funds for Mrs. Kittie Holt Drewry, and John C. Drewry, Jr., have each terminated." The particular trust fund for Mrs. Kittie Holt Drewry terminated upon her dissent to the will. The particular trust fund for John C. Drewry, Jr., son of the testator, terminated upon his death on 12 September, 1937. That this was the intention of the testator appears from Item XX of the will wherein it is provided: "This devise in fee (having reference to the two-thirds of the residue trust given to John C. Drewry, Jr., upon the termination of said trust) shall not take effect as to John C. Drewry, Jr., or pass any title to him or his heirs until he attains the age of 35 years or dies before that time, leaving issue surviving him." John C. Drewry, Jr., died on 12 September, 1937, before attaining the age of 35, leaving issue, and thereupon the "devise in fee" took effect in his issue, Mary Holt Drewry and John C. Drewry III. There is nothing in the will that indicates that John C. Drewry, Sr., the testator, ever intended the residue trust to be continued after the death of his son, John C. Drewry, Jr., and in the absence of such expressed intention the trust terminated upon his death.

A. L. Purrington, guardian *ad litem* of Mary Holt Drewry and John C. Drewry, Jr., assigns as error that portion of paragraph (c) of the judgment to the effect that James G. Hanes, Jr., is entitled to have one-third of the residue trust held for his benefit until he reaches the age of 35 years and if he be living at said age to then have said one-third delivered to him, and the failure to hold that Mary Holt Drewry and John C. Drewry, Jr., are entitled to the entire principal of the residue trust. This assignment of error cannot be sustained.

This holding is in accord with the provisions of the twentieth item of the will of John C. Drewry, Sr., which reads: "Item XX. It is my will and desire that all property undisposed of under this will and remaining in the hands of my trustee or trustees when said residue shall terminate, shall be divided into three equal parts, two parts to go to my son, John C. Drewry, Jr., and one part to go to my grandson, James G. Hanes, Jr., their children to inherit their parents' share, if such parent be dead prior to that time. This devise in fee shall not take effect as to John C. Drewry, Jr., or pass any title in fee to him or his heirs until he attains the age of 35 years or dies before that time, leaving issue surviving him. Similarly, the devise to my grandson James G. Hanes, Jr., and shall not take effect or pass any title in fee to him or his heirs until he arrives at the age of 35 years, or leaves issue surviving him, should he die before attaining that age."

We are of the opinion that the construction placed upon the will of John C. Drewry, Sr., by the trial judge, as indicated by the judgment entered below, carries out the intention of the testator as gathered from the four corners of the will, modified by his widow's dissent, and the judgment is, therefore, in all respects

Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.