AMERICAN TRUST COMPANY, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF CURTIS B. JOHNSON, DECEASED, v. MRS. IRVING HARDING JOHNSON, WIDOW; MRS. IDA J. LEE; GEORGE LEE, SAM M. LEE, JR.; HARRY J. LEE; MRS. BETTY WEIR LEE REX; ROBERT WEIR LEE; SUSAN A. LEE; PATRICIA D. LEE; AND MELINDA REX; AND UNBORN CHILDREN OF GEORGE LEE, SAM M. LEE, JR., AND HARRY J. LEE, AS MAY HEREAFTER BE BORN PRIOR TO THE DEATH OF MRS. IRVING HARDING JOHNSON.

(Filed 10 December, 1952.)

1. Wills §§ 33k, 40—

In the absence of an express or implied provision in the will to the contrary, a vested remainder, even though it be a defeasible fee, will be accelerated upon the failure of the life estate if the remaindermen may be identified, and the fee simple absolute vest, and the dissent of the widow is a rejection of her life estate within the meaning of this rule.

2. Same—

Where the will gives the widow a life estate with vested remainder of the defeasible fee to named beneficiaries, and also provides for an annuity

to testator's sister, *held*, upon the widow's dissent, the judgment accelerating the vested interest of the remaindermen in the assets of the estate after allotting to the widow her distributive share and the setting aside of sufficient assets to pay the annuity should further provide that upon the death of testator's sister such funds retained and not expended in the payment of annuity should be divided among the remaindermen.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff and the defendant guardian *ad litem* from *Moore, J.*, June Term, 1952, of MECKLENBURG.

Curtis B. Johnson, a citizen and resident of Mecklenburg County, North Carolina, died on 6 October, 1950, leaving a last will and testament which was duly filed and admitted to probate in the office of the Clerk of the Superior Court in the aforesaid county on 24 October, 1950.

Thereafter, in due and apt time, the defendant Mrs. Irving Harding Johnson, the surviving widow of the testator, renounced her right to qualify as executrix of her husband's will and filed her dissent therefrom. See *In re Will of Johnson*, 233 N.C. 570, 65 S.E. 2d 12.

This action was instituted by the plaintiff, the duly appointed and acting executor and trustee under the last will and testament of Curtis B. Johnson, deceased, to obtain the advice and instruction of the court with respect to the following questions:

1. Did the dissent of the widow, Mrs. Irving Harding Johnson, from the will of her husband, Curtis B. Johnson, accelerate the vesting of the interests of George Lee, Sam M. Lee, Jr., and Harry J. Lee, the three nephews of the deceased?

2. Did the deceased, Curtis B. Johnson, die partially intestate and, if so, to what extent or in what respect?

Trial by jury was waived by all parties and their counsel of record, and it was agreed that his Honor should hear the matter, find the facts, draw his conclusions of law, and enter judgment accordingly.

The testator, Curtis B. Johnson, died leaving him surviving his widow, Mrs. Irving Harding Johnson; one sister, Mrs. Ida Johnson Lee; and three nephews, George Lee, Sam M. Lee, Jr., and Harry J. Lee; the sister and two of the nephews being residents of California, and one nephew a resident of Michigan.

The defendants Mrs. Betty Weir Lee Rex and Robert Weir Lee, are the children of George Lee; Susan A. Lee and Patricia D. Lee are the children of Harry J. Lee; and Melinda Rex is the daughter of Mrs. Betty Weir Lee Rex. The defendant Sam M. Lee, Jr., has no children.

The defendants Melinda Rex, Susan A. Lee and Patricia D. Lee are minors and are duly represented in this proceeding by B. Irvin Boyle as guardian *ad litem,* who is also guardian *ad litem* for the unborn children of George Lee, Sam M. Lee, Jr., and Harry J. Lee.

All beneficiaries under the will of Curtis B. Johnson, except pecuniary legatees whose legacies have been paid, and all heirs and next of kin of the testator are parties to this action.

The only real estate owned by the testator at the time of his death was the residence and lot situate in California and devised in his will.

The parts of the will pertinent to this appeal are as follows:

"I give, devise and bequeath to my sister Ida J. Lee, of Beverly Hills, California, during her lifetime, the home she is now living in at above location including any interest I may have in the household furniture contained therein—I also direct that she be paid out of my Estate the sum of $750.00 per month during her lifetime. After her death this property she is living in to pass into the ownership of my three nephews, George Lee, of Algonac, Michigan, S. M. Lee, Jr., of Glendale, California and Harry Lee of Los Angeles, California. I direct that it be sold by them within six months following the death of my sister, Ida J. Lee, and the proceeds divided equally between them.

"In addition to the above gift to the aforesaid nephews, I direct that each of them shall be paid ($25,000) Twenty Five Thousand Dollars from the assets of my estate as if and when the funds are conveniently available as determined by my wife, Irving Harding Johnson, who is hereby appointed my executor and the American Trust Co. of Charlotte, hereby appointed Trustee of my estate. (Then follows a large number of gifts to executives and employees of the Charlotte Observer, personal friends, and servants.) . . .

". . . Payment of all gifts to be made at time payment is made to my three nephews. To my wife, I leave the residue of my estate after my funeral expenses are paid and the payment of any debts, the inheritance taxes, I realize will be quite heavy but believe that the assets of The Semagraph Company, (the capital stock of which I now own in its entirety), will be much more than sufficient to take care of this obligation without disturbing or in any way encumbering the controlling interest (57½%) I now have in The Observer Co. owner of The Charlotte Observer. . . .

"The 'residue' interest referred to on page 3 of this document is willed to my wife, Irving H. Johnson, for her use and benefit during her life and at her death the (57½%) Fifty seven and one-half stock interest in the Observer is to pass to my nephews in equal amounts, if then living and to their surviving children in the event of their death."

The court held and entered judgment to the effect that the dissent of the widow, Mrs. Irving Harding Johnson, from the will of her husband did accelerate the vesting of the interests of George Lee, Sam M. Lee, Jr., and Harry J. Lee, the three nephews of the deceased; and that Curtis B. Johnson did not die partially intestate.

The judgment also contains the following provisions:

"3. That the Executor provide out of the assets of the estate and after allotting to the widow her distributive share, for the payment to the defendant Mrs. Ida J. Lee of the annuity of $750.00 per month bequeathed to her during her lifetime in such way, manner and method as may be hereafter approved by this Court.

"4. That after the estate has been administered and after provisions have been made for the aforesaid annuity, all of the personal property then remaining in the hands of the Executor shall be paid over, transferred and delivered to defendants George Lee, Sam M. Lee, Jr., and Harry J. Lee, in equal shares and portions and in fee simple absolute."

This cause was retained for further orders in connection with additional questions that may arise in the administration of the estate.

The plaintiff and B. Irvin Boyle, guardian *ad litem*, appeal and assign error.

*Helms & Mulliss for plaintiff, appellant.*

*B. Irvin Boyle, guardian ad litem for Susan A. Lee, Patricia D. Lee, Melinda Rex and the unborn children of George Lee, Sam M. Lee, Jr., and Harry J. Lee, appellants, In Propria Persona.*

*Cochran, McCleneghan & Miller and Tillett, Campbell, Craighill & Rendleman for Mrs. Irving Harding Johnson, appellee.*

*Taliaferro, Clarkson & Grier and Covington & Lobdell and J. W. Alexander, Jr., for George Lee, Sam M. Lee, Jr., and Harry J. Lee, appellees.*

DENNY, J.    The doctrine of acceleration is recognized and accepted in this jurisdiction.  It has been applied in a number of cases where the widow rejected the life estate devised or bequeathed to her with remainder to devisees or legatees who could be definitely identified at the time of her dissent.  *Neill v. Bach,* 231 N.C. 391, 57 S.E. 2d 385; *Cheshire v. Drewry,* 213 N.C. 450, 197 S.E. 1; *Young v. Harris,* 176 N.C. 631, 97 S.E. 609, 5 A.L.R. 477; *University v. Borden,* 132 N.C. 476, 44 S.E. 47; *Wilson v. Stafford,* 60 N.C. 646; *Holderby v. Walker,* 56 N.C. 46; *Adams v. Gillespie,* 55 N.C. 244.

It is the general rule under the doctrine of acceleration that vested remainders take effect immediately upon the death of the testator where the life estate has failed prior to the death of the testator, or immediately after the determination of the life estate subsequent to the testator's death. This rule applies, however, only in the absence of an express or implied provision in the will to the contrary.  33 Am. Jur., Life Estates, Remainders, etc., section 154, page 620; *Neill v. Bach, supra; Thomsen v. Thomsen,* 196 Okla. 539, 166 P. 2d 417, 164 A.L.R. 1426; *Keen v. Brooks,* 186

Md.. 543, 47 A. 2d 67, 164 A.L.R. 1292; *Ward v. Ward,* 153 Kan. 222, 109 P. 2d 68, 134 A.L.R. 657; *Elliott v. Brintlinger,* 376 Ill. 147, 33 N.E. 2d 199, 133 A.L.R. 1364. Likewise, in 31 C.J.S., Estates, section 82, page 96, it is said: "A vested remainder may be accelerated, although future contingent interests will thereby be cut off. . . . A remainder will not be accelerated if it is impossible to identify the remainderman, or if there is evidence of an intention to postpone the taking effect of the remainder; . . ."

The doctrine of acceleration rests upon the theory that the enjoyment of an interest having been postponed for the benefit of a preceding estate, upon determination of such preceding estate before it would ordinarily expire, ultimate takers should come into the immediate enjoyment of their property. *Young v. Harris, supra.*

In the case of *University v. Borden, supra,* where property was devised to the wife of the testator for life with remainder over, and the widow dissented, this Court said: "Mrs. Faircloth (the widow) having dissented from the will and claimed her dower in the realty and her distributive share in the personalty, we are of the opinion that there was an acceleration of the devises, the enjoyment of which under the will was postponed to the time of her death. The will, in so far as provision was therein made for her, operates in the same manner, as to the time of enjoyment by those entitled after her death, as if she had died prior to her husband."

In *Thomsen v. Thomsen, supra,* the Court said: "The general rule appears to be that where a testator creates a life estate in his widow, and the law gives the widow the right to elect whether to take under the will or under the statute, the law charges the testator with the knowledge of the right of the widow to so elect and it will be presumed that the intention of the testator was that the election of the widow to take her share of the estate under the intestate laws in lieu of the life estate given her in the will is, in legal contemplation, equivalent to her death."

It is clear from a perusal of the will now under consideration that the primary purpose of the testator in giving the residue of his estate to his wife for life, was to make available to her during her lifetime the entire income therefrom; and the distribution among ultimate takers was only postponed in order to effect the primary purpose. This primary purpose having been defeated by the widow's dissent, the ultimate takers are entitled to come into the immediate enjoyment of their rights under the will to the same extent as if the widow had died subsequent to the date of her dissent. *Young v. Harris, supra; University v. Borden, supra; Holderby v. Walker, supra.*

In our opinion, the judgment of the court below should be modified so as to direct the executor not only to pay over to George Lee, Sam M. Lee, Jr., and Harry J. Lee in equal shares, the assets remaining in the hands

of the executor after allotting to the widow her distributive share of the estate, and setting aside sufficient assets to pay the annuity of $750.00 per month to Mrs. Ida J. Lee during her lifetime, but upon the death of Mrs. Ida J. Lee to pay over to George Lee, Sam M. Lee, Jr., and Harry J. Lee in equal shares, if then living, otherwise to their next of kin, such assets as it may have retained and not expended in the payment of the annuity. The judgment is modified to this extent.

We are of the further opinion that the construction placed upon the will of Curtis B. Johnson by the trial judge, as set forth in the judgment entered below, as modified herein, carries out the intent of the testator as gathered from the four corners of his will, except as modified by the widow's dissent.

The judgment as modified will be upheld.

Modified and affirmed.

PARKER, J., took no part in the consideration or decision of this case.