IRVIN S. BLACKWOOD AND JESSE A. BLACKWOOD, EXECUTORS OF THE ESTATE OF L. J. BLACKWOOD, DECEASED; IRVIN S. BLACKWOOD AND WIFE, JOSEPHINE R. BLACKWOOD, JESSE A. BLACKWOOD AND WIFE, FANNIE K. BLACKWOOD, INDIVIDUALLY, AND ROGER B. BLACKWOOD AND WIFE, MAXINE B. BLACKWOOD, GEORGE N. BLACKWOOD AND WIFE, BARBARA P. BLACKWOOD, JAMES I. BLACKWOOD AND WIFE, MARY W. BLACKWOOD, AND CLARA J. BLACKWOOD, WIDOW, v. STEPHEN A. BLACKWOOD, LUTHER J. BLACKWOOD II, DAVID K. BLACKWOOD, JOSEPH D. BLACKWOOD, JEANNIE L. BLACKWOOD, LARRY B. BLACKWOOD, DANA A. BLACKWOOD, MICHAEL G. BLACKWOOD, KATHY A. BLACKWOOD, MARY D. BLACKWOOD AND JAMES R. BLACKWOOD, ALL MINORS, AND ALL UNBORN AND UNKNOW HEIRS OF IRVIN S. BLACKWOOD, JESSE A. BLACKWOOD, ROGER B. BLACKWOOD, GEORGE N. BLACKWOOD AND JAMES I. BLACKWOOD.

(Filed 20 May, 1953.)

**1. Wills §§ 33k, 40—**

Where the widow takes a life estate, her dissent will accelerate the vesting of the remainder even though the remainder be contingent, but if she takes a defeasible fee so that there is an executory devise upon the happening of the event, her dissent cannot have the effect of defeating the executory devise and the will will be construed in the same way as if there had been no renunciation.

**2. Wills §§ 33c, 33g—**

A devise to testator's widow "in fee simple so long as she remains my widow" creates at most a life estate in the widow, and upon the widow's dissent the remainder vests by acceleration in the ulterior takers.

APPEAL by defendants from *Rudisill, J.,* March Term, 1953, of GUILFORD (Greensboro Division).

This action was instituted by the plaintiffs for the purpose of obtaining an interpretation of certain provisions of the last will and testament of L. J. Blackwood, deceased, and a ruling as to whether the dissent of his widow from the will permits the application of the doctrine of acceleration under its provisions.

The plaintiffs are all the children and the widow of the testator, all of whom are over twenty-one years of age. The defendants are all of the testator's grandchildren, all of whom are minors and for whom a guardian *ad litem* was duly appointed.

L. J. Blackwood, a citizen and resident of Guilford County, North Carolina, died 8 April, 1952, leaving a last will and testament which was duly filed and admitted to probate in the office of the Clerk of the Superior Court in the aforesaid county, 21 April, 1952.

On 26 August, 1952, Clara J. Blackwood, dissented from the will of her deceased husband, L. J. Blackwood, and subsequently executed a deed

of release of her dower interest in the real property of which L. J. Black-wood died seized, to the children of L. J. Blackwood, to wit: Irvin S. Blackwood, Jesse A. Blackwood, Roger B. Blackwood, George N. Black-wood, and James I. Blackwood.

Items I and II of the testator's will contain the provisions in contro-versy, and read as follows:

"ITEM I: I give and devise to my beloved wife, Clara J. Blackwood, all the real estate that I may be seized of at my death to her in fee simple so long as she remains my widow, and in the event of her marriage it is my will and desire that all of said property be equally divided between all of my children then living and in the event that any of them are dead leav-ing children or heirs at law, that their said heirs shall inherit and take the same interest that their parent would have taken had he been living.

"ITEM II: I give and bequeath to my wife, Clara J. Blackwood, all of my personal property including stocks, bonds, notes, mortgages, and all other property of whatsoever kind and wheresoever located, to her so long as she remains my widow and in the event of her marriage, all of said property shall be equally divided among all of my children then living and in the event that any of them are dead leaving children or heirs at law, that their said heirs shall inherit and take the same interest that their parent would have taken, had he been living."

The trial judge heard the matter below by consent, without a jury, and held that the intent of the testator in both Items I and II of his will was to provide for his widow, Clara J. Blackwood, during her widowhood; that when she dissented from the will, she and the children of the testa-tor, above named, became entitled to the distribution in equal parts of the personal property of his estate, less any amount thereof that might be required for the payment of the obligations of the estate; that since the widow has released her dower interest in the real property belonging to the estate to the children of the testator, they are now the owners of said real estate in fee simple, subject to the proper obligations of the estate; and that the defendants jointly and severally have no right, title, claim, or interest, present, contingent, or otherwise, to the personal or real property belonging to the estate of the testator. Judgment was accordingly entered to which the defendants excepted and appealed to this Court, assigning error.

*James B. Wolfe, Jr., guardian ad litem, for defendant appellants.*
*Roy M. Booth for plaintiff appellees.*

DENNY, J. The determinative question on this appeal is whether Clara J. Blackwood, the widow of the testator, took a defeasible fee simple estate under the testator's will or a life estate.

It is well settled that if she took a fee simple estate, defeasible only upon her remarriage, the limitation over would be an executory devise. In such case her renunciation would not accelerate the limitation over, but the will would be construed in the same way as if there had been no renunciation. Simes, Law of Future Interests, Volume 3, section 760, page 244; 31 C.J.S., Estates, section 121 (1) (a), page 134. "While a contingent remainder may be destroyed at common law by fine or recovery, by merger of the particular estate, or by any displacement thereof, an executory devise cannot be defeated by destruction of the precedent estate by disseizin, forfeiture, surrender or merger." 19 Am. Jur., Estates, section 129, page 585. However, if the widow took a life estate only under the will of her husband, L. J. Blackwood, then the remainder was vested in the children of the testator, and when she dissented from the will, they became vested absolutely and unconditionally with title to the real and personal property of the testator's estate, subject only to the statutory rights of the widow.

Under our decisions, a devise by a husband to his wife, so long as she remains his widow, is at most only a life estate. *Alexander v. Alexander,* 210 N.C. 281, 186 S.E. 319; *Sink v. Sink,* 150 N.C. 444, 64 S.E. 193; *In re Brooks' Will,* 125 N.C. 136, 34 S.E. 265.

In the matter of *In re Brooks' Will, supra,* the testator disposed of his property in the following words: "I will and bequeath all my real and personal property to my beloved wife, Martha B. Brooks, to have and possess as long as she remains my widow. Should she remarry, then the law is my will." *Montgomery, J.,* speaking for the Court, said: "The language of the will clearly shows that the intention of the testator was to limit the estate of the widow to a life estate. A time was fixed beyond which that interest could not extend. She was 'to have and possess the property as long as she remains my widow.' Her death terminated of course her widowhood, and with the ending of that condition, ended also the estate of the widow. . . . He knew that at her death the property would revert to his heirs at law, and he felt that it would be unnecessary to say so, for he had already limited her estate to one *durante viduitate.* By the further expression 'should she remarry, then the law is my will,' he meant simply that she should enjoy, after her remarriage, only such part of his estate as the law would invest her with, whether with or without his sanction or consent and that the children would come in possession at once of the whole, less that part fixed upon her by law. Section 2180 of the Code (now G.S. 31-38) cannot be invoked for the purpose of extending the estate to a fee, for, as we have seen, the intention of the testator was clear to limit it at most to an estate for her life."

In the case of *Sink v. Sink, supra,* the will contained the following language: "I give and bequeath to my wife the remainder of my land,

. . . to have and to hold to her own proper use and behoof . . . during the term of her widowhood, and after her remarriage to be equally divided between my brothers and sisters." The Court said: "We are of opinion that the estate in the land devised to the widow could not endure beyond her life"; and cited with approval *Fuller v. Wilbur,* 170 Mass. 506, 49 N.E. 916, where the devise was as follows: "I give and bequeath to my beloved wife all my real and personal estate, of whatever name, for her sole use and benefit so long as she remains my widow, . . ." The Massachusetts Court, in construing the will, said: "The words, 'so long as she remains my widow,' imply a continuance of the estate during widowhood, and no longer; and, at most, it could not extend beyond her life." Our Court also cited in the *Sink* case, *Kratz v. Kratz,* 189 Ill. 276, 59 N.E. 519, where the devise was to the wife during her widowhood, of the real and personal estate, "absolutely and unconditionally," and in which the Illinois Court held that her interest was limited to the period of her widowhood—that is, during her life or until she remarried.

In *Alexander v. Alexander, supra,* the testator, in substance, said: "I lend to my wife the balance of my estate . . . for and during her widowhood" with full power of disposition, "and at the termination of her preceding particular estate the balance of my estate to be equally divided between my two children." The Court, speaking through *Devin, J.* (now *Chief Justice*), held the word "lend" used in the will was equivalent to "give" or "devise." Even so, that the widow took only a life estate. It was pointed out that "while the gift of an estate to a person generally or indefinitely with power of disposition ordinarily carries a fee, this rule will not be allowed to prevail when the testator gives to the first taker by express terms, an estate for life only, though coupled with power of disposition."

In Blackstone's Commentaries, Book 2, section 121, it is said: "If an estate be granted to a woman during her widowhood, or to a man until he be promoted to a benefice; in these and similar cases, whenever the contingency happens, when the widow marries, or when the grantee obtains a benefice, the respective estates are absolutely determined and gone. Yet while they subsist, they are reckoned estates for life; because, the time for which they will endure being uncertain, they may by possibility last for life, if the contingencies upon which they are to determine, do not sooner happen."

In the instant case, the testator said, "I give and devise to my beloved wife, Clara J. Blackwood, all the real estate that I may be seized of at my death to her in fee simple so long as she remains my widow, and in the event of her marriage it is my will and desire that all of said property be equally divided between all my children then living . . ." The words, "so long as she remains my widow" limited the estate to one for

life or until she remarries. The use of the words, "in fee simple," in light of the limitation placed on the devise, cannot mean any more than an intention that during her widowhood she was to have the absolute and unconditional control and use of the property, free from any interference from others. But the language of the will, when considered in its entirety, is inconsistent with an intention to devise a fee simple estate. *Alexander v. Alexander, supra.* Hence, in light of our decisions and the other authorities cited herein, we hold that the devise gave Clara J. Blackwood, at most, a life estate.

In view of the conclusion we have reached, we concur in the ruling of the court below in applying the doctrine of acceleration, and the judgment will be upheld. *Bank v. Easterby,* 236 N.C. 599, 73 S.E. 2d 541; *Trust Co. v. Johnson,* 236 N.C. 594, 73 S.E. 2d 468; *Cheshire v. Drewry,* 213 N.C. 450, 197 S.E. 1; *Young v. Harris,* 176 N.C. 631, 97 S.E. 609, 5 A.L.R. 477; *University v. Borden,* 132 N.C. 476, 44 S.E. 47. *Cf. Neill v. Bach,* 231 N.C. 391, 57 S.E. 2d 385.

Affirmed.